**In re William Joseph GEDEON, Debtor.**

**Carrie L. ROSE, a/k/a Carrolyn L. Gedeon, Plaintiff,**

v.

**William Joseph GEDEON, Defendant.**

**Adv. No. 81 Mc 2682.**

United States Bankruptcy Court, D. Colorado.

Aug. 3, 1983.

Jo Ann Weinstein, Denver, Colo., for plaintiff.

Hebert Delaney, Jr., Denver, Colo., for debtor-defendant.

## MINUTES AND ORDERS ON COMPLAINT FOR RELIEF FROM STAY AND TO DETERMINE THE DISCHARGEABILITY OF A CERTAIN DEBT

JOHN F. McGRATH, Bankruptcy Judge.

Pursuant to the findings of fact and conclusions stated of record, the Court made certain findings and entered Orders in this matter after the hearing held on December 28, 1982. The Court then took under advisement the issues of whether or not the civil contempt fines and attorneys' fees relating thereto are dischargeable debts. After due consideration, the Court finds as follows:

The Debtor-Defendant has attacked the jurisdiction of the New Mexico Court to enter orders against him. As cited in our previous Order, this Court feels bound by the holding of the Colorado Supreme Court wherein on July 1, 1981, that Court held that the New Mexico Court had personal jurisdiction of the Debtor-Defendant herein. *Gedeon v. Gedeon,* Colo. 630 P.2d 579. Therefore, we find the Defendant cannot collaterally attack the New Mexico Court orders with regard to assessment of attorney fees and costs, or the Plaintiff's costs and the civil contempt fines levied by the District Court for the County of Bernalillo, State of New Mexico.

(1) Attorney Fees

The Plaintiff in this matter has requested relief from the automatic stay to collect previously awarded attorney fees, as well as attorney fees not yet awarded and also attorney fees and costs incurred in the action herein. To determine if the Plaintiff should be granted relief from stay to pursue collection of the above amounts, this Court must first determine if these amounts are dischargeable in the Debtor's bankruptcy case.

Plaintiff refers to an Order and Judgment of August 17, 1982, entered by the District Court for the County of Bernalillo, State of New Mexico wherein the Debtor, Mr. Gedeon, was assessed $76,377.00 in attorney fees and costs and an additional

$10,000.00 was awarded to the Petitioner, Carrolyn L. Gedeon (now known as Carrie L. Rose), for personal expenses incurred by her as a result of Mr. Gedeon's violation of the New Mexico Court's former orders. In its Order and Judgment of August 17, 1982, the New Mexico Court awarded the above attorney fees pursuant to (1) its common law power as a result of the Respondent's violation of the Court's orders; (2) pursuant to Section 40–4–7 A of the New Mexico Statutes Annotated due to the Respondent's violation of the New Mexico Court's prior order; (3) pursuant to the agreement of the parties in the "Order of Custody, Visitation and Support" entered in that Court's Orders of December 13, 1978, for violation of that Order; and (4) pursuant to Section 40–4–7 A N.M.S.A. supra, regarding costs, expenses and attorney fees needed by Petitioner (Mrs. Gedeon) in actions concerning custody of the minor children.

One question this Court must determine is whether the attorney's fees and costs incurred as a result of Plaintiff's attempt to recover custody of the children and to collect child support are in the nature of alimony and support pursuant to 11 U.S.C.Sec. 523(a)(5).

> Section 523. Exceptions to discharge.
> (a) A discharge under section 7272, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, . . .

To determine whether these attorney fees are alimony, maintenance, or support for a former spouse or child of the debtor we first look to see how the award was characterized by the New Mexico Court. Under the New Mexico court order of August 17, 1982, it is clear these attorney fees and costs were entered both pursuant to the parties' agreement with regard to "custody, visitation and support" and to Section 40–4–7 A N.M.S.A. 1978 as being needed by the Petitioner Mrs. Gedeon in actions concerning custody of the minor children.

New Mexico awards support payments as a matter of public policy to see that families are not left destitute. *In re Dirks,* 15 B.R. 775 (Bkrtcy.D.N.M.1981). "In any action involving custody, the court's primary concern and consideration must be for the child's best interests." *Schuermann v. Schuermann,* 607 P.2d 619, 621, 94 N.M. 81 (1980). To insure this the New Mexico Supreme Court stated it was important for trial judges to liberally award attorney fees in a custody case so that economic disparity between the parties would not cause oppression. "To do otherwise would directly effect a parent's ability to present his or her case and upon the trial judge's ability to determine which parent can provide best for a child's welfare." Id. at 622.

Allowing counsel fees within a divorce action enables the wife to be on an equal footing and these fees are on the same basis as alimony or other forms of support, therefore such counsel fees are found nondischargeable in *Allison v. Allison,* 150 Colo. 377, 372 P.2d 946 (1962). Attorney fees for representing a child in a divorce proceeding have also been found nondischargeable. *In re Morris,* 14 B.R. 217 (Bkrtcy.D.Colo.1981). The Bankruptcy Court stated an analysis of 11 U.S.C. Sections 727(b), 1328(c)(2) and 523(a)(5) showed "a Congressional judgment that the need for enforcement of obligations arising out of the family relationship and the stability generated thereby outweighs the general bankruptcy goal of fresh start." Id.at 220. It was found that attorney fees and costs awarded to an ex-wife in an attempt to collect child support obligations of the Debtor can not be separated from the Debtor's duty to support his child and are nondischargeable in the matter of *In re Mineer,* 11 B.R. 663 (Bkrtcy.D. Colo.1981).

The 10th Circuit, in examining whether an award of attorney fees was a form of alimony and support or property settlement, noted that fees awarded as a result of defending custody matters are allowed as part of a court's continuing jurisdiction to

modify alimony and custody orders. Citing cases from the 1st, 5th, 7th and 9th Circuits, the Court found itself in accord with the "general rule" that attorney fees awarded in a divorce proceeding are treated as a form of alimony and not dischargeable in a bankruptcy proceeding *In re Birdseye*, 548 F.2d 321 (10th Cir.1977).

In looking at all these factors, this Court finds it is in the best interests of the children to have custody matters fully and fairly litigated. Insuring this is done is part of the debtor's duty to support his children. The petitioner in this case has been awarded the attorney fees to put her on an equal footing to pursue the matter of custody and support. By full representation the trial judge can better determine what is for the best interests to insure the welfare of the children. This Court therefore finds that the attorney fees in the amount of $76,-377.00 plus costs are a nondischargeable debt under 11 U.S.C. Section 523(a)(5). Further this Court finds that the Plaintiff should be granted relief from stay to pursue collection of these amounts.

■ The next question to be determined is the nature of the $10,000.00 awarded to the former wife as costs expended by her in the pursuit of the custody of the children and seeking to collect the back child support. This would also appear to be an award to put the spouse on an equal footing in the litigation of the dissolution of marriage matters and further was for the benefit and support of the minor children.

A state court award which included the former wife's costs as part of the child support award entered was found nondischargeable *In Re Rediker*, 25 B.R. 71 (Bkrtcy.M.D.Tenn.1982).

The debtor has presented no evidence which would indicate that the amount awarded by the Circuit Court is not in the nature of child support. The award of travel expenses of the mother as child support can certainly be justified as necessary expense incurred in the collection of such support. *In re Rediker*, supra at 76.

This Court therefore finds the $10,000.00 awarded to the Plaintiff to compensate her for out-of-pocket expenses incurred as a result of the litigation over the custody and support of the children is a nondischargeable debt under 11 U.S.C. Sec. 523(a)(5).

■ This Court further finds that there is no statutory authority to award the Plaintiff attorney fees and costs in this adversary action before us.

(2) The Civil Contempt Fines

The next issue for consideration by this Court is whether or not the contempt fines levied against the Debtor are dischargeable. 11 U.S.C. Sec. 523(a)(7) finds nondischargeable any debt

to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

■ Whether a contempt fine is civil or criminal is not a matter that is clear-cut and easily determinable. How the court characterizes it initially does not change the nature of the contempt and so the circumstances must be looked at to determine the true nature. *United States v. Haggerty*, 528 F.Supp. 1286 (D.Colo.1981).

If the objective of awarding relief is to compel compliance with a court order or to compensate for refusal, the contempt proceeding is civil in nature; but if the purpose is to punish the respondent and vindicate the court, the proceeding is criminal. (Cites omitted)

Consistent with the objectives underlying civil and criminal contempts, if the sentence imposed is conditional and grants the defendant the ability to end the penalty by complying with the order, the contempt is civil, (cites omitted); where the penalty is fixed and there is no possibility of complying with the court order, the contempt is criminal. *United States v. Haggerty*, supra, p. 1296.

A Colorado state case defines the two as follows:

Proceedings for criminal contempt are to preserve the power and vindicate the dignity of the court and to punish for disobedience of its orders. Civil contempt pro-

ceedings are to preserve and enforce the rights of private parties to litigation and to compel obedience to the orders made for the benefit of litigants. The latter is civil and remedial. The former is criminal and punitive in nature and the only parties interested are the government, the courts and the people. *Wallace v. County Court,* 128 Colo. 177, 261 P.2d 504 (1953).

■ The fines in the Gideon matter were characterized as civil contempt fines by the New Mexico Court awarding them. Originally these fines were imposed at the rate of $500.00 per day and were to continue as long as the defendant refused to surrender custody of the children to the plaintiff as per the court's orders. Once the children were returned, the fines were to cease, and in fact, the total could then be adjusted. By the time of the New Mexico Court Order of August 12, 1983, however, a total of $42,500.00 had been reduced to judgment and was no longer subject to adjustment. In the August order a further sum of $75,000.00 was assessed as a civil fine, but the latter amount was suspended on condition that the debtor-defendant pay the amounts found due the plaintiff in the New Mexico Court's decree of August 17, 1982. This fine of $75,000.00 would thus seem to be civil in nature.

However, for purposes of 11 U.S.C. Sec 523(a)(7) the Court must look at whether the fine was for the benefit of the governmental unit or was compensation for an actual pecuniary loss. A civil fine, meant to coerce a defendant to obey a court order, would seem to be imposed to uphold the dignity of the court, even though the fine is payable to a plaintiff.

In accepting the state court's determination that a contempt citation was a civil fine, the Court nevertheless found the penalty to be a nondischargeable debt. *In re Flick,* 5 B.R. 637 (Bkrtcy.E.D.Pa.1980). In a cite from 3A *Collier on Bankruptcy* paragraph 63.12 (14th Ed.1975) the court quotes
... It is almost generally accepted that the liability for a fine or penalty is not dischargeable, if for no other reason that the imperative necessity of enforcing

criminal sanctions enacted for the public welfare ...
and in footnote 11 states that the *Collier* cite above was speaking of criminal penalties but the court in *Flick* felt the same reasoning should apply to civil penalties of the nature of these in the case at bar. *In re Flick,* supra, p. 643. The fine at issue in *Flick* was clearly a penalty and was not intended as compensation. The Debtor/Defendant had violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law and the $34,000.00 fine was to be paid the State and was not intended to compensate the victims.

In the matter of *In re Marini,* 28 B.R. 262 (Bkrtcy.E.D.N.H.1983) the court found that a fine against a defendant who had violated a temporary restraining order was a contempt fine levied primarily to uphold the dignity of the court, even though the fine was to be paid directly to the plaintiff. This fine was determined to be separate from other amounts found due in settlement of the claims between the parties and thus the fine itself was nondischargeable under 11 U.S.C. sec. 523(a)(7).

This Court therefore finds that the $42,500.00 civil contempt penalty ordered by the New Mexico Court to be paid to the Plaintiff herein was a penalty imposed to uphold the dignity of the court and for the benefit of the court, thus nondischargeable under 523(a)(7). This Court further finds that the Plaintiff is granted relief from stay to pursue collection of the $42,500.00.

■ The $75,000.00 civil fine appears to be a different matter. The New Mexico Court's order of August 17, 1982 states

13. In addition to the civil fines and other damages specifically described above, civil fines in the amount of $75,000 should be assessed against the Respondent to be paid to the Petitioner in the event that the civil fines and attorneys fees previously reduced to final judgment by this Court as well as damages in the amount of $81,877 is not paid for any reason, including the discharge of said indebtedness to Petitioner by means of any bankruptcy proceed-

ing. Provided that, payment by the Respondent to the Petitioner of the principal sum of $128,877 plus proper interest, if any, shall have the effect of satisfying his obligation to pay all or any part of this additional civil fine.

14. Upon the filing with this Court of an Affidavit signed by the Petitioner and alleging non-payment by Respondent of the sum of $128,877, execution shall issue forthwith on the civil fines in the amount of $75,000.

Therefore, the $75,000.00 if paid, would be in compensation for other sums found due the plaintiff in this matter. Thus this fine does not fall within the exception of 523(a)(7) and is therefore dischargeable.

■ As referred to in our Order of December 28, 1982, the Court allowed the Debtor-Defendant to include a set-off as an affirmative defense. This setoff involved a judgment which was paid by the Defendant on June 18, 1982, in the total amount of $17,404.21. The judgment was based on fines assessed as a result of the Debtor's failure to obey the New Mexico Court and on attorney's fees awarded by that court. No setoff was allowed in our Order of December 28, 1982, as the December order involved support monies and therefore the debt and the judgment lacked mutuality. However, this Order involves fines and attorney fees and the Court finds that this is a mutual debt and the sum of $17,404.21 may be set off against the fines and attorney fees found nondischargeable herein.

WHEREFORE, IT IS ORDERED that the $76,377.00 in attorney's fees plus costs and the $10,000.00 for Plaintiff's costs expended in the custody and support matters which were awarded by the District Court for the County of Bernalillo, State of New Mexico in its Order entered August 17, 1982, be and hereby are found to be nondischargeable pursuant to 11 U.S.C. sec. 523(a)(5) and the Plaintiff is granted relief from stay to pursue collection of these amounts.

IT IS FURTHER ORDERED that the contempt fine of $42,500.00 was levied primarily for the benefit and to uphold the dignity of the court and is thus nondischargeable pursuant to 11 U.S.C. sec 523(a)(7). Plaintiff is granted relief from stay to pursue collection of these amounts.

IT IS FURTHER ORDERED that the civil contempt fine of $75,000.00 would be payable as a form of compensation to the Plaintiff and this debt is therefore discharged.

IT IS FURTHER ORDERED that the Plaintiff herein is granted relief from stay to proceed in reducing the unliquidated New Mexico contempt fines and related requests for the attorney's fees to judgment pursuant to the findings above as to the nondischargeability of these debts and to pursue any and all legal remedies to enforce and collect the judgments so obtained against the Debtor-Defendant.

IT IS FURTHER ORDERED that the Debtor-Defendant be allowed to set-off the amount of $17,404.21 which he has paid as a result of a foreign judgment from New Mexico filed in the District Court of Denver, County, Colorado against the attorney fees and contempt fines found to be nondischargeable herein.

IT IS FURTHER ORDERED that the Plaintiff's request for attorney fees and costs in this matter are denied.