In the Matter of Carol A. COLEMAN, Debtor.

**Bankruptcy No. MM7–83–01817.**

United States Bankruptcy Court, W.D. Wisconsin.

Jan. 31, 1984.

Rebecca Young, Madison, Wis., for Anne T. Wadsack, Wadsack & Julian.

No appearance on behalf of debtor.

### MEMORANDUM DECISION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

Anne T. Wadsack, an attorney at law, was appointed guardian *ad litem* in a divorce proceeding between the debtor and her spouse involving contested custody of the couple's child. Attorney Wadsack's statutory duty was to "represent the [best] interests of the child ... as to custody, support and visitation." [1] The Dane County Circuit Court entered an Interim Order, dated February 10, 1983, assigning custody of the couple's one child to his father, providing for visitation rights for his mother (the debtor herein), and ordering each party to pay one-half of Attorney Wadsack's bill. As is customary, the Interim Order included the court's warning to the parties that violation of its terms could result in a finding that the violator is in contempt and could subject the contemnor to a jail sentence and/or a fine.

In an Order dated May 26, 1983, the state court held the debtor in contempt, and imposed a "remedial sanction" under WIS. STAT. § 785.03(1) [2] in response to the debt-

---

1. WIS.STAT. § 767.045:

   Guardian ad litem for minor children. In any action affecting the family in which the court has reason for special concern as to the future welfare of the minor children, in which the custody of such children is contested, and in any action in which paternity is contested under s. 891.39, the court shall appoint an attorney admitted to practice in this state as guardian ad litem to represent the interests of children as to custody, support and visitation. The guardian ad litem shall be an advocate for the best interests of the child or children and consider the factors under s. 767.24. If a guardian ad litem is appointed, the court shall direct either or both parties to pay the fee of the guardian ad litem, the amount of which fee shall be approved by the court. If either or both parties are unable to pay, the court, in its discretion, may direct that the fee of the guardian ad litem, in whole or in part, be paid by the county of venue, and may direct either party to reimburse the county, in whole or in part, for the payment.

2. WIS.STAT. § 785.03(1)(a):

   Procedure. (1) NONSUMMARY PROCEDURE. (a) *Remedial sanction.* A person aggrieved by a contempt of court may seek imposition of a remedial sanction for the contempt by filing a motion for that purpose in the proceeding to which the contempt is related. The court, after notice and hearing, may impose a remedial sanction authorized by this chapter.

or's resistance to the court's authority to provide "for the care and custody of the parties' son." The debtor was ordered to pay $1,000.00 toward the fee of Attorney Wadsack attributable to the contempt motion, at the rate of $50.00 per month. Attorney Wadsack's fee for services leading to the first (Interim) Order was $1,665.00, of which the debtor was required to pay one-half, or $832.50. Together with the $1,000.00 fee for services in connection with the contempt motion, Attorney Wadsack's total fee was $1,832.50. The debtor has paid $200.00 toward this fee. In a paper denominated "Notice of Motion and Motion to Declare Debt in Nature of Child Support and to Lift Stay," Attorney Wadsack asks this court to declare her claim for $1,632.50 a nondischargeable debt under 11 U.S.C. § 523(a)(5), which excepts from discharge debts to a former spouse or child of the debtor for "support of such spouse or child, in connection with a ... divorce decree." At a hearing in this court scheduled and duly noticed for January 3, 1984 at 1:45 p.m., Ms. Wadsack appeared by counsel. The debtor did not appear.

This court must determine the procedural propriety of the motion and determine, if permissible, the merits of the contention that guardian *ad litem* fees in this instance are properly a nondischargeable debt for support of a child of the debtor in connection with a divorce decree. For the reasons set forth below the court will recognize the motion as procedurally valid, and grant Attorney Wadsack the relief sought.

1. *Procedural Defects of the Motion.* The Federal Rules of Bankruptcy Procedure distinguish "adversary proceedings" from "contested matters." Adversary proceedings, governed by Part VII of the Rules, are commenced by complaint [Rule 7003] which may be served by First Class Mail [Rule 7004(b)] and must be answered within thirty days after the issuance of the summons [Rule 7012(a)], which must be served within ten days of issuance [Rule 7004(f)]. Adversary proceedings include those "to determine the dischargeability of a debt" [Rule 7001] and those seeking a declaratory judgment relating to such dischargeability. *Id.* Relief from stay, on the other hand, is a contested matter, commenced by motion "served in the manner provided for service of a summons and complaint," and as to which some, but not all, of Part VII of the Bankruptcy Rules applies. Rule 9014. Contested matters require only "reasonable notice and opportunity for hearing." *Id.*

Because Attorney Wadsack has proceeded by motion rather than complaint, the court has reservations as to whether debtor's failure to oppose the motion or to appear at the hearing should be deemed a waiver of possible procedural objections. At the same time, the court's record shows that this motion was filed December 2, 1983 and duly noticed to the debtor's attorney of record. A hearing was scheduled and held thirty-two days[3] afterward, at which the debtor did not appear. Due to the quality of the notice and the time permitted for response, prejudice to the debtor is minimal. In light of debtor's default and the facts of this particular case, the court will hold that for present purposes and for this case only, the procedural defects are technical and may be ignored.

The motion for relief from stay "pursuant to sec. 522(c)" seeks to subject exempt property to liability for the instant claim. This motion may be unnecessary, since under § 522(c), exemption of property does not protect such property from liability

---

Remedial sanctions in Wisconsin may include forfeitures of up to $2,000.00 per day and/or imprisonment up to six months. Section 785.04(1). The statute also provides for punitive sanctions, which may only be prosecuted by public authorities. Section 785.03(1)(b).

**3.** A preliminary hearing on a motion for relief from stay, at least if property of the estate is at issue, must be held within thirty days of request. Section 362(e). The thirtieth day after December 2, 1983 was January 1, 1984, a Sunday, and January 2 was a legal holiday. The thirty-day period is extended until the first day after the thirtieth which is not a weekend or legal holiday. Fed.R.Bankr.P. 9006(a).

for debts for support. Section 522(c)(1).[4] *See* 2 *Collier on Bankruptcy* ¶ 362.05[2] at 362–39 (15th ed. 1983). Actions to collect liabilities for support from property which is not property of the estate are not subject to the stay. *Cf.* § 362(a) and § 362(b)(2).[5] Most property acquired by the debtor after the commencement of her chapter 7 case is not property of her bankruptcy estate, and is therefore outside the scope of the stay for purposes of this proceeding. 11 U.S.C. § 541. Relief as to exempt property, while not strictly necessary under § 522(c), may have been sought for reasons of caution: as such relief is the movant's right, it is granted.

■ *2. Default.* Although service of the Notice of Motion and Motion was certified, the debtor did not appear at the scheduled hearing. Thus, Attorney Wadsack is entitled to entry of default under Fed.R. Civ.P. 55(a), made applicable to both contested matters and adversary proceedings by Fed.R.Bankr.P. 9014 and 7055. Attorney Wadsack has filed the affidavit required under Fed.R.Civ.P. 55(b)(1), thereby fulfilling all requirements for judgment on default.

*3. Guardian ad litem Fees as Support Under § 523(a)(5).* Two separate debts give rise to the claim filed by Attorney Wadsack. The first of these is the debt arising from her services as guardian *ad litem* for debtor's child during the custody phase of the debtor's divorce proceeding. The second arises from services rendered in regard to a successful motion for contempt brought against the debtor.

There has been virtual unanimity among bankruptcy courts and appellate courts in

the past three years that attorney's fees incurred by a spouse in the enforcement of a support obligation are nondischargeable so long as the primary debt is excepted from discharge. This is the case even when the debt is payable directly to the attorney, and not to the plaintiff personally. *In Re Williams,* 703 F.2d 1055, 1057 (8th Cir.1983); *In Re Painter,* 21 B.R. 846 (Bkrtcy.M.D.Ga. 1982); *In Re Daumit,* 25 B.R. 371 (Bkrtcy. D.Md.1982). The sole question is whether the ancillary obligation is closely enough connected with the primary obligation of support. *In Re Sposa,* 31 B.R. 307 (Bkrtcy. E.D.Va.1983). This court has recently held that attorney's fees incurred by a non-debtor divorced spouse in a foreclosure action on rental property represented a nondischargeable debt because they were sufficiently closely connected with the debtor's obligations to provide support. The divorce decree had granted the wife a rental property and obliged the husband to satisfy a mortgage on the property. The husband's failure to satisfy prompted the foreclosure. Also found nondischargeable was the sum paid to the mortgagee by the former wife in settlement of the foreclosure. *In Re Chambers,* 36 B.R. 42 (Bkrtcy.W.D.Wis. 1984).

■ The rule regarding the inclusion of ancillary costs in determining the amount of a nondischargeable debt must surely govern attorney's fees incurred by a child in pursuit of the child's right to support. The statutory responsibility of a guardian *ad litem* in contested custody proceedings is to represent the best interests of the child or children "as to custody, support and visitation." WIS.STAT. § 767.045 (1981–82), n.

---

**4.** 11 U.S.C. § 522(c)(1) provides:
(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, except—
(1) a debt of a kind specified in section 523(a)(1) or section 523(a)(5) of this title.

**5.** 11 U.S.C. § 362(a) and § 362(b)(2) provide:
(a) Except as provided in subsection (b) of this section, a petition filed under section

301, 302, or 303 of this title operates as a stay, applicable to all entities.
. . . .
(b) The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—
. . . .
(2) under subsection (a) of this section, of the collection of alimony, maintenance, or support from property that is not property of the estate.

1, *supra.* Guardians *ad litem,* who must be attorneys admitted to practice, are entitled to "reasonable compensation . . . such as is customarily charged by attorneys . . . for comparable services." WIS.STAT. § 757.-48(1). To the extent, therefore, that Attorney Wadsack's fee is reasonable and customary, and arises from pursuit of the obligation for support, it should be excepted from discharge.

■ Bankruptcy courts have taken varying positions on the definition and scope of "support" under § 523(a)(5) and related provisions of the Bankruptcy Code. Where financial provision for the child is the sole concern the debt is clearly nondischargeable. However, some courts have included as "support" more peripheral matters.

In *In Re Morris,* 14 B.R. 217 (Bkrtcy.D. Colo.1981), an attorney had been named by the state court to represent the interests of debtor's child in a proceeding concerning visitation, under a Colorado statute virtually identical with WIS.STAT. § 767.045. Reasoning that the payment to the attorney had been ordered "in recognition and fulfillment of the debtor's duty to provide for the well-being of his or her child," the court held the attorney's fee nondischargeable since the debt fell "within the ambit of support contemplated by the drafters of the Code." 14 B.R. at 219. Since several provisions of the Code except from discharge debts for support, the court reasoned that the Code reflects "a Congressional judgment that the need for enforcement of obligations arising out of the family relationship and the stability generated thereby outweighs the general bankruptcy goal of fresh start." *Id.* at 220. *Cf. In Re Yarns,* 23 B.R. 370 (Bkrtcy.N.D.Ill.1982).

■ As applied in *Morris,* this reasoning seems sound. The services of a guardian *ad litem* in the primary divorce proceeding, though extending beyond support to custody and visitation, are generally sufficiently connected to the core concern of the Code for protection of family obligations to except a reasonable fee for such services from discharge. The Wisconsin Supreme Court, interpreting the state statutes gov-

erning maintenance and property division, WIS.STAT. §§ 767.255 and 767.26 has stated that "the court's award of maintenance, property division, attorney fees and children's medical expenses are interrelated and interdependent." *Dixon v. Dixon,* 107 Wis.2d 492, 509, 319 N.W.2d 846 (1982). In light of the *federal* interpretation of the "support" obligation in numerous cases, including *In Re Morris, supra,* and the guidance provided by the Wisconsin Supreme Court in interpreting the Wisconsin statutes, this court will presume that reasonable and customary guardian *ad litem* fees, incurred in pursuance of the guardian's statutory duty, are excepted from discharge under 11 U.S.C. § 523(a)(5). Attorney Wadsack has submitted an adequately detailed bill for services in the primary custody proceeding which appears to this court to be within the range of fees customarily charged by attorneys for these and similar services. As such, the total amount claimed against the debtor in the primary proceeding, $832.50, is excepted from discharge.

The question of the dischargeability of guardian *ad litem* fees in a contempt proceeding is more difficult, since it is possible that the particular circumstances giving rise to the contempt motion may lie farther toward the periphery of the federal concept of "support." In *In Re Gedeon,* 31 B.R. 942 (Bkrtcy.D.Colo.1983), the court excepted from discharge a large attorney's fee, $10,-000.00 in out-of-pocket expenses, incurred in enforcement of the debtor's support obligation, and a $42,500.00 fine for contempt, on a complaint under 11 U.S.C. § 523(a)(5) and (7). The court did not separate the categories of visitation and custody from support. Although § 523(a)(7) excepts from discharge debts "for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit," the $42,500.00 fine, payable directly to the spouse, was excepted from discharge as a forfeiture intended to "uphold the dignity of the court." *Cf. In Re Marini,* 28 B.R. 262 (Bkrtcy.E.D.N.Y. 1983).

In considering complaints for exception from discharge, especially in ambiguous

cases, courts have often weighed the policy of a "fresh start" against the policy of protecting family obligations from their flouting by a debtor. *See, e.g., In Re Warner,* 5 B.R. 434 (Bkrtcy.D.Utah 1980); *In Re Miller,* 17 B.R. 717 (Bkrtcy.W.D.Wis.1982). The *Gedeon* court, along with *Yarns, supra,* seems to sweep too broadly in characterizing all family obligations as "support." Given the importance of both these policies in the law, a court should make appropriate reasoned distinctions. Whatever the label applied by the state court, a federal court must determine whether claimed "support" is or is not within the federal meaning of support for purposes of exception from discharge. The general rule that exceptions from discharge are to be construed narrowly in favor of the debtor should not be ignored. *In Re Tanner,* 31 B.R. 338 (Bkrtcy.S.D.Fla.1983); *In Re Richmond,* 29 B.R. 555 (Bkrtcy.M.D.Fla.1983).

■ As stated above, at the primary custody proceeding concerns for custody and visitation are so closely linked with the core concept of support and the high degree of protection given family obligations as to be inseparable as a basis for guardian's fees. However, the logical nexus among the three state concerns is weaker in subsequent enforcement proceedings, and facts conceivably could be alleged which would show that the guardian's services were far enough from the core of federally defined support as to render the guardian's fees dischargeable in bankruptcy. The decision in this proceeding would have been straightforward had the state court named failure to provide economic support as the ground for the contempt. Nonetheless, a presumption, open to rebuttal by the debtor, should exist that guardian *ad litem* fees incurred in performance of the guardian's statutory duty of advocacy of the child's best interests are nondischargeable as in the nature of support.

■ While it is the burden of the plaintiff to establish that a debt is actually for support, once she has met her burden, as in the present case, it is up to the debtor to rebut the presumption that the total claim of an attorney seeking reasonable guardian *ad litem* fees is actually for support.[6] In this case, the debtor has defaulted. Notwithstanding the general rule that exceptions from discharge are to be narrowly construed in favor of the debtor—*In Re Tanner, supra; In Re Richmond, supra* —she has failed to offer this court any argument to rebut the reasonable presumption that the guardian *ad litem* fees are for anything other than nondischargeable support. *See* 29 Am.Jur.2d *Evidence,* §§ 163, 165, 175 (1967).

Upon the foregoing, which constitutes my findings of fact and conclusions of law, IT IS ORDERED:

(1) That Attorney Wadsack's claim for $1,632.50 is excepted from discharge;

(2) Attorney Wadsack's motion for relief from stay to pursue exempt property of the debtor in satisfaction of her claim is granted.

Judgment shall be entered consistent with this opinion.

---

6. A claim for support under 11 U.S.C. § 523(a)(5) is to be distinguished from an exception to dischargeability sought on such other grounds as the obtaining of money by false pretenses, under 11 U.S.C. § 523(a)(2). In the latter case, the plaintiff must make a showing by clear and convincing evidence, and lacks the benefit of any presumptions. *In Re Richmond,* 29 B.R. 555 (Bkrtcy.M.D.Fla.1983). When a claim falls under § 523(a)(5), however, the standard is proof by a preponderance of the evidence, and the plaintiff may benefit from the presumption that the fees sought are entirely for support.