In re Joey Don HICKS, SS# 585–23–0379, Paquita Thatiana Hicks, SS# 559–69–3585, f/k/a Paquita Thatiana Naranjo, Debtors.

**Linda HICKS, Plaintiff,**

v.

**Joey Don HICKS, Defendant.**

**Bankruptcy No. 7–85–01338 MR.**
**Adv. No. 86–0005 M.**

United States Bankruptcy Court,
D. New Mexico.

Sept. 23, 1986.

Elizabeth Cunningham, Roswell, N.M., for plaintiff.

Robert Waldman, Roswell, N.M., for defendant.

MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on defendant-debtor's motion to dismiss plaintiff's complaint to determine the discharge-

ability of a debt pursuant to 11 U.S.C. § 523(a)(5) and § 523(a)(6) of the Bankruptcy Code.

The facts in this case are undisputed. Plaintiff and defendant were divorced in 1982 and plaintiff was granted custody of their minor child. Following the divorce, and in violation of the court's custody order, defendant removed the child from plaintiff's custody and successfully concealed the child's whereabouts from plaintiff for a period of two years.

On February 12, 1985, following the child's return to plaintiff, the Lea County District Court ordered defendant to pay plaintiff the sum of $12,881.78 for expenses, including attorney's fees and other costs, incurred while attempting to locate the child and regain custody. The order stated that custody of the child would remain with plaintiff. It further stated that defendant was required to pay child support in the amount of $350.00 per month but that plaintiff was not entitled to alimony. Defendant filed a chapter 7 petition in bankruptcy on October 7, 1985, at which time he had not paid any of the $12,881.78 owing to plaintiff.

Plaintiff filed her complaint to determine dischargeability of a debt on January 7, 1986. Defendant responded on February 13, 1986, and on May 5, 1986, filed the motion to dismiss presently at issue. The parties stipulated to a decision based on briefs submitted.

Plaintiff contends that the debt of $12,881.78 ("the Debt") owed to her by defendant is non-dischargeable under either § 523(a)(5) regarding debts for child or spousal support, or § 523(a)(6) regarding debts for willful and malicious injury. Defendant, on the other hand, claims that neither of these provisions is applicable, that the debt is not in the nature of child or spousal support within the meaning of § 523(a)(5) and was not the type of debt contemplated under § 523(a)(6).

The first issue before this Court is whether the debt is in the nature of child or spousal support or maintenance as contemplated under § 523(a)(5) of the Bankruptcy Code. *See In re Dirks*, 15 B.R. 775, 778 (Bankr.D.N.M.1981). Section 523(a)(5) provides in pertinent part that

(a) a discharge under section 727 ... does not discharge an individual debtor from any debt—

\* \* \* \* \* \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record or property settlement agreement, but not to the extent that—

\* \* \* \* \* \*

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

For purposes of determining dischargeability in bankruptcy under § 523(a)(5), it is important to recognize that federal bankruptcy law, not state law, controls whether a claim is to be characterized as a support obligation. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 364 (1977), reprinted in 1978 U.S.Code Cong. & Admin. News 5963, 6320; S.Rep. No. 95–989, 95th Cong.2d Sess. 79, reprinted in 1978 U.S. Code Cong. & Admin.News 5787, 5865; *In re Laney*, 53 B.R. 231, 235 (Bankr.N.D.Texas 1985); *Matter of Hall*, 51 B.R. 1002 (D.C.Ga.1985). While state court characterizations should not be ignored, bankruptcy courts are not bound to accept a divorce decree's characterization of an award. *Laney*, 53 B.R. at 235 (the *Laney* court characterized an attorney's fee award as a support debt although "explicit terms of the final decree characterize[d] the fee award as a cost of litigation, expressly excluding it from the category of support obligation.").

As with the decree at issue in *Laney*, the February 12, 1985 order with which we are concerned characterized the award to plaintiff as being reimbursement for "reasonable expenses incurred by [plaintiff] for the

search of the minor child." Further, the order specifically stated that "[t]he [plaintiff] is not entitled to alimony." However, the language of the district court's order is not controlling and, contrary to defendant's assertion, it is not clear that the amount requested to be found non-dischargeable is "clearly not child support."

Rather, in determining the true character of the debt, the Court finds the reasoning in *In re Gedeon,* 31 B.R. 942 (Bankr.D. Colo.1983), to be persuasive. In *Gedeon,* as in the case presently before this Court, plaintiff and debtor-defendant had been divorced with custody being granted to plaintiff. Subsequently, defendant violated the New Mexico court's custody order. As a result, plaintiff incurred $76,377.00 in attorney's fees and $10,000.00 in additional costs in her attempt to recover custody of her children and collect child support.

The *Gedeon* court held non-dischargeable under § 523(a)(5) both the $76,377.00 in attorney's fees and the $10,000.00 awarded to plaintiff to compensate her for expenses incurred in pursuing custody of her children and collecting child support. *Gedeon,* 31 B.R. at 945. Regarding the attorney's fees, the Court first examined the New Mexico court order to see how it characterized the award. It then analyzed the public policy and purposes behind custody determinations and the relationship between these purposes and court awards of attorney's fees. The Court then examined the types of cases in which attorney's fees awards have been found to be non-dischargeable under § 523(a)(5). In holding the attorney's fees award to be non-dischargeable, the *Gedeon* court concluded, stating:

> In looking at all these factors, this court finds it is in the best interests of the children to have custody matters fully and fairly litigated. Insuring this is done is part of the debtor's duty to support his children. The petitioner in this case has been awarded the attorney fees to put her on an equal footing to pursue the matter of custody and support. By full representation the trial judge can

better determine what is for the best interests to insure the welfare of the children. This Court therefore finds that the attorney fees in the amount of $76,377.00 plus costs are a nondischargeable debt under 11 U.S.C. Section 523(a)(5).

Regarding the other costs incurred by plaintiff in pursuing her children, the *Gedeon* court found that the $10,000.00 awarded to plaintiff as compensation for personal expenses incurred in regaining custody of and collecting child support for the children was also a non-dischargeable debt under § 523(a)(5). The court opined that this award also appeared to be for the purpose of putting "the spouse on an equal footing in the litigation of the dissolution of marriage matters and further was for the benefit and support of the minor children." *Id.* 31 B.R. at 945.

Suggesting that the *Gedeon* court made too broad a characterization of the term "support", the court in *In re Coleman* viewed the issue as whether the ancillary family obligation at issue was closely enough connected with the primary obligation of support as conceptualized under federal bankruptcy law. *Coleman,* 37 B.R. 120, 124–125 (Bankr.W.D.Wis.1984) (the court was considering the dischargeability of guardian *ad litem* fees in a contempt proceeding for failure to pay court ordered child support). To resolve this question, the bankruptcy court must determine whether the ancillary proceeding is directly related to a primary support obligation." *In re Sposa,* 31 B.R. 307 (Bankr.E.D.Va. 1983).

Applying the *Sposa* test together with the rationale set forth by the *Gedeon* court, this Court finds the $12,881.78 debt owed to plaintiff as compensation for attorney's fees and other costs incurred while attempting to regain custody of the minor child to be a non-dischargeable debt under 11 U.S.C. § 523(a)(5).

Having so found, it is unnecessary to examine whether the debt is non-dischargeable as a debt for willful and malicious injury under 11 U.S.C. § 523(a)(6).

This opinion constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.