**In re Roland O. CASTRO and Martha A. Castro, Debtors.**

**David YORK, Plaintiff,**

**v.**

**Roland O. CASTRO and Martha A. Castro, Defendants.**

**Bankruptcy No. 86–682–BK–J–7. Adv. No. 86–311.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

May 21, 1987.

Ronald Bergwerk, Jacksonville, Fla., for plaintiff.

Leo B. Hill, Jacksonville, Fla., for defendants.

### ORDER GRANTING PARTIAL SUMMARY JUDGMENT

GEORGE L. PROCTOR, Bankruptcy Judge.

This matter came before the Court upon the motion for summary judgment as to Counts I and II filed by plaintiff, and a cross-motion for summary judgment by defendants.[1] Count I of the complaint seeks to except a $23,000 debt from discharge pursuant to 11 U.S.C. § 523(a)(5) because the debt is in the nature of child support. Count II of the complaint seeks to except the entire debt, $43,000, from discharge pursuant to 11 U.S.C. § 523(a)(6) because the debt represents damages for willful and malicious injury by defendants to plaintiff's person and property.

The plaintiff and defendant, Martha A. Castro, have two minor children, Adam and Molly. The Florida court awarded plaintiff custody of Adam and provided him visitation rights as to Molly. In direct contravention of the Court order, defendants abducted Adam and refused plaintiff visitation rights with Molly. Plaintiff brought an action in Kentucky state court seeking special damages in the amount of $25,000 for expenses incurred for psychiatric counseling, attorneys, litigation costs, long distance telephone calls, lost-time by plaintiff from his employment, and loss of personal property; general damages in the amount of $40,000 for mental and emotional stress and strain sustained by plaintiff and for the deprivation of the love, affection and companionship of his son and daughter. A three day trial was held after which the jury made specific findings and determined that plaintiff was entitled to $23,000 as special damages and $20,000 as general damages.

Section 523(a)(5) excepts from discharge debts "to a . . . child of the debtor, for . . . maintenance for, or support of such . . . child, in connection with a separation agreement, divorce decree or other order of a court of record . . . ." 11 U.S.C. § 523(a)(5). The courts have interpreted "child support" to include actual costs incurred in enforcing custody orders. See *In re Hicks*, 65 B.R. 227, 14 B.C.D. 1226 (Bkrtcy, D.N.M.1986); *In re Snider*, 62 B.R. 382 (Bkrtcy, S.D.Tex.1986); *In re Cowley*, 35 B.R. 520 (Bkrtcy, D.Kan.1983); *In re Certo*, 33 B.R. 561 (Bkrtcy, S.D.Fla.

---

1. Response by defendants is considered by the Court as a cross-motion.

1983); and *In re Gedeon*, 31 B.R. 942 (Bkrtcy, D.Col.1983).

 Section 523(a)(6) excepts from discharge debts for "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The definition of entity includes person. 11 U.S.C. § 101(14). In order to satisfy this section, plaintiff must show that the conduct was intentional or deliberate, recklessness is insufficient to establish willfulness. See *In re Fielder*, 799 F.2d 656 (11th Cir.1986) and *In re Wrenn*, 791 F.2d 1542 (11th Cir.1986). Additionally, the Court must find that based upon the particular set of facts involved the conduct was so egregious that the debt must be found nondischargeable under § 523(a)(6). *Fielder* at 661. Special or specific malice is not required. *St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1008 (4th Cir.1985).

Upon consideration of the foregoing, the Court finds:

1. There is no genuine question of fact or issue of law as to Counts I and II.

2. The $23,000 debt found by the jury in the Kentucky state court action was for the actual expenses incurred in enforcing the post-divorce custody order and is an expense which is nondischargeable pursuant to § 523(a)(5).

3. The entire debt is not a nondischargeable debt within the purview of § 523(a)(6). The facts show that the defendants' conduct, although willful was not sufficiently egregious as to establish a "willful and malicious" injury to plaintiff within the meaning of § 523(a)(6).

Accordingly, it is ORDERED:

1. Plaintiff's motion for summary judgment is granted as to Count I and denied as to Count II. The debt for $23,000 is nondischargeable pursuant to § 523(a)(5) and is excepted from the discharge of debtor, Martha A. Castro only.

2. Defendants' motion for summary judgment is granted as to Count II and denied as to Count I. The entire $43,000 debt is subject to the discharge of Roland O. Castro, and except as provided in Paragraph 1 herein, the remaining portion of the $43,000 debt is subject to the discharge of Martha A. Castro.

3. Any remaining issues are reserved for trial.