In re Newton Alfred WINN, Debtor.

**SCHOOL PICTURES OF MISSISSIPPI, INC., Plaintiff,**

v.

Newton Alfred WINN, Defendant.

Bankruptcy No. 85–1616–8P7.
Adv. No. 86–27.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 25, 1988.

See also, Bkrtcy., 53 B.R. 645.

Scott C. Ilgenfritz, Clearwater, Fla., for plaintiff.

Newton Alfred Winn, pro se.

### ORDER ON PARTIAL MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice upon Motions for Partial Summary Judgment filed both by the Plaintiff, School Pictures of Mississippi, Inc. (Plaintiff), and by the Defendant, Newton Alfred Winn (Debtor). It is the contention of both parties that as to Count IV of the Complaint there are no genuine issues of material fact and, therefore, the claims set forth in this Court of the Complaint may be resolved as a matter of law. Upon consideration of the Motions, together with the entire record, this Court is satisfied that the proposition urged by the Plaintiff and the Debtor is correct, and the facts relevant to a resolution of this matter as established by the record are indeed without dispute and are as follows:

On May 16, 1983, the Plaintiff filed suit against the Debtor in the Chancery Court of the First Judicial District of Hinds County, Mississippi, seeking an injunction and

money damages and alleging, inter alia, that the Debtor had fraudulently converted monies belonging to the Plaintiff and had breached certain agreements between the Debtor and the Plaintiff. The Plaintiff sought money damages for the monies converted, an accounting and injunctive relief. On June 13, 1983, the Plaintiff's action was removed to the United States District Court for the Southern District of Mississippi. On June 23, 1983, the district court entered a preliminary injunction against the Debtor and ordered that the Debtor turn over certain equipment belonging to the Plaintiff and ordered the Debtor to pay $90,000.00 to the Plaintiff. On August 16, 1983, upon the Debtor's failure to comply with this order, the district court entered an order finding that the Debtor was in contempt of the court for his failure to comply with the June 23, 1983, injunction. The contempt order, inter alia, directed the Debtor to pay to the Plaintiff $90,000.00 as previously ordered within twenty (20) days and that the Debtor may purge himself of the contempt by fully complying with all previous court orders. It further provided that if the Debtor failed to comply with the contempt order within 20 days, the Debtor would be required to pay the Plaintiff an additional $500.00 per day as a penalty for each day so long as he remained in violation of the June 23, 1983, order.

Upon the Debtor's failure to purge himself of contempt by compliance with the terms of the June 23, 1983, order, the Plaintiff moved for the entry of a judgment. On February 29, 1984, the district court in the Southern District of Mississippi entered a judgment in favor of the Plaintiff in the amount of $153,883.68 against the Debtor. The district court expressly retained jurisdiction to further enforce its contempt order against the Debtor, until the Debtor purged himself of contempt. The Plaintiff domesticated its judgment in the Middle District of Florida, obtained a writ of execution, and attempted to levy on the assets of the Debtor when the Debtor filed his first Petition for Relief under Chapter 11 of the Bankruptcy Code. It is undisputed that as of this date, the Debtor has not complied with the contempt order and paid the judgment.

It should be noted that the first Petition for Relief under Chapter 11 filed by the Debtor was dismissed for bad faith filing, *see In the Matter of Winn*, 43 B.R. 25 (Bkrtcy.M.D.Fla.1984); so was the second case instituted in this court which was commenced as an involuntary case, which, in fact, was filed by the Debtor himself. This is the third Chapter 7 liquidation case filed by the Debtor in which the dischargeability of the debt owed by the Debtor to the Plaintiff represented by the Florida judgment is the issue.

It is the Plaintiff's contention in Count IV of the Complaint that the liability of the Debtor represented by the judgment should be determined to be nondischargeable pursuant to § 523(a)(7) of the Bankruptcy Code, which provided in pertinent part as follows:

> § 523. EXCEPTIONS TO DISCHARGE
>
> (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
>
> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty....

The remainder of the Complaint seeks a determination by this Court that this liability should be nondischargeable pursuant to separate sections of § 523 of the Bankruptcy Code.

In opposition, the Debtor contends that the fine imposed was not the type contemplated by § 523(a)(7) and that the $500.00 daily fine stopped accruing on the date the Debtor filed his first bankruptcy petition. Next, the Debtor argues that as the United States District Court for the Southern District of Mississippi entered a judgment on February 27, 1984, which superseded and incorporated the August 16, 1983, judgment, the daily fines terminated as of the date of the February 27, 1984, judgment.

In considering whether the fine is nondischargeable, it is obvious from the outset

that the fine is not payable "to ... a governmental unit." However, it should be noted that this fact is not necessarily determinative if the fine is payable "for the benefit of a governmental unit" as required by § 523(a)(7). *See In re Gedeon,* 31 B.R. 942 (Bkrtcy.D.Colo.1983)

In determining whether the fine is "for the benefit of a governmental unit", the Court must consider whether the fine imposed is to compensate a party who was injured by the violation, or to punish the party found to be in contempt and to uphold the dignity of the court. *See In re Marini,* 28 B.R. 262 (Bkrtcy.E.D.N.Y.1983); *In re Gedeon, supra.* Only those judgments which are penal in nature and are imposed to uphold the dignity of the court will be excluded from the general discharge accorded to the debtor. *See Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). Further, in making the determination of whether the contempt judgment is actually the type included in § 523(a)(7), the bankruptcy court must look at the totality of the circumstances surrounding the imposition of the fine, and not just whether the fine is labelled as civil or criminal contempt. *See In re Corbly,* 61 B.R. 843 (Bkrtcy.D.S.D.1986), and *In re Gedeon, supra.* For example, in *In re Gedeon, supra,* the debtor had violated a court order directing him to surrender custody of his children to his ex-wife and the state court had entered a judgment imposing a daily fine payable to the ex-wife in the amount of $500.00 a day until the debtor complied with the custody order. In finding that the fines were non-dischargeable, the court found that despite the fact that the state court had characterized the fine as civil, because the fine was unconditionally payable and the Debtor could not purge himself by compliance, the fines were in fact penalties imposed to uphold the dignity of the court, and thus for the benefit of the court.

Likewise, in *In re Marini* the court found that whether a fine is payable "for the benefit of a governmental unit" hinges on whether the contempt judgment was meant to be compensatory or was imposed to uphold the dignity of the court. In *Marini,* a civil contempt judgment payable to the creditor had been entered against the debtor, but nevertheless the court found the contempt fine to be the type excluded from the Debtor's discharge by § 523(a)(7) as it was imposed to uphold the dignity of the court.

In the case under consideration, it is without question that the fine imposed was not compensation for actual pecuniary loss suffered by the Plaintiffs as the result of the Debtor's failure to obey the order entered by the district court. It is equally clear that the penalty was treated as civil in nature by the district court. However, although the purpose behind the imposition of the daily fine undoubtedly was in part to coerce the Debtor to comply with the District Court's previous order, this Court is satisfied that the fine was also imposed as a penalty to vindicate the dignity and authority of the court, and thus, the fine was for the benefit of a governmental unit, as required by § 523(a)(7).

Regarding whether the fine did continue to run past the filing date of the Debtor's first bankruptcy case, this Court is satisfied that as this Debtor filed his first Chapter 11 Petition simply to attempt to escape or circumvent the consequences of the contempt judgment and that case was dismissed, the filing of the first Petiion for Relief did not stop the daily fines from accruing and neither did the second involuntary case, simply because the case has been dismissed and in neither previous case did the Debtor obtain a discharge from this obligation.

Finally, it should be noted that the Debtor's argument that the entry of the February 27, 1984, judgment terminated the accrual of the daily fines is totally without merit. The Judgment entered on that date unequivocally states that the District Court reserved jurisdiction to enforce the contempt order.

Based on the foregoing, this Court is satisfied that as there are no genuine issues of material law, this adversary proceeding may be determined as a matter of law, and the Plaintiff's Motion for Summary Judgment should be granted. There-

fore, it is unnecessary to proceed to trial on the remaining Counts of the Complaint.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment filed by the Plaintiff be, and the same is hereby, granted. It is futher

ORDERED, ADJUDGED AND DE-CREED that the Motion for Summary Judgment filed by the Defendant be, and the same is hereby, denied.

A separate Final Judgment shall be entered in accordance with the foregoing.