Jeff Lynn STOVALL, Appellant,

v.

Susie Diane STOVALL, Appellee.

Civ. A. No. 4:-90-cv-256-HLM.

United States District Court,
N.D. Georgia,
Rome Division.

Nov. 30, 1990.

Weldon Terry Haygood, Jr., Haygood & Allen, Rome, Ga., for appellant.

Susie Diane Stovall, pro se.

## ORDER

HAROLD L. MURPHY, District Judge.

This case is before the Court on Jeff Lynn Stovall's ("Appellant") appeal from the Bankruptcy Court's order of September 18, 1990, which denied Appellant's Motion for a Restraining Order to prevent Susie Diane Stovall, ("Appellee"), from prosecuting her citation for contempt in the Superior Court of Paulding County.

The parties to the instant action were divorced by decree of the Paulding County Superior Court on August 29, 1989. The divorce decree ordered Appellant to pay, among other things, $16,500.00 to Appellee within 120 days of the decree. The Court stated that the money represented Appellee's equity in the marital residence.

Although the money ordered to be paid was due toward the end of December, 1989, it was never paid. Finally on July 26, 1990, Appellee filed a citation for contempt in hopes of securing compliance with the Superior Court's Order. A hearing on the matter was set for October 18, 1990. On July 25, 1990, however, Appellant had filed for protection under Chapter 7 of the Bankruptcy Code.

On August 10, 1990, Appellant filed a complaint to determine dischargeability of the above mentioned debt. Appellee did

not respond.[1] On August 31, 1990, Appellant filed a Motion for a Temporary Restraining Order which sought to block Appellee's contempt action in Paulding County.

A hearing on both matters was held on September 17, 1990, in the Bankruptcy Court. Appellee did not attend. At the hearing the Bankruptcy Court noted that the matter of dischargeability of the $16,500.00 debt was in default and on that basis held the money in question to be a property settlement discharged under the bankruptcy rules. The Bankruptcy Court refused, however, to grant Appellant a restraining order. Appellant asks this Court to reverse the Bankruptcy Court and restrain the pending action in Paulding County.

Appellant argues that the automatic stay provision of 11 U.S.C. section 362 applies in this case to prevent the Superior Court from imposing sanctions against him based on his failure to pay the debt which was discharged by the Bankruptcy Court. Appellant is correct that under section 362 of the Bankruptcy Code, the filing of a petition for relief imposes a stay upon acts and proceedings against the debtor and the estate. Further, the Bankruptcy Court has found that the sum due under the divorce decree was to be distributed as part of a property settlement. *See*, Order of Bankruptcy Court dated September 18, 1990. "There is no doubt that the properties to be distributed via a property settlement are subject to the automatic stay." *Matter of Kaylor*, 25 B.R. 394 (Bankr.M.D.Fla.1982). Hence it would appear that the Automatic Stay of 11 U.S.C. section 362 does apply to the monies due under the divorce decree.

A more difficult question is presented as to whether the Automatic Stay of section 362 suspends the power of the state to punish the failure of a party to comply with a prebankruptcy order of its court. In the case at bar, the 120 days in which Appellant was allowed to comply with the order of the Superior Court of Paulding County expired nearly six months before Appellant filed for Bankruptcy. As one Court has stated, "[i]t is within [a] court's inherent power to take whatever steps necessary to ensure those persons within its power comply with its orders. The court cannot conceive that Congress intended to strip the court of this power, and instead permit a party to blatantly violate direct orders of the court and then seek shelter from a bankruptcy judge." *U.S. Sprint Communications Co. v. Buscher*, 89 B.R. 154, 156 (D.Kan.1988); *In re Rook*, 102 B.R. 490 (Bkrtcy.E.D.Va.1989); *see also, Smith–St. John Mfg. Co. v. Leonard Price*, Civ. Action No. 88–2018, slip op., 1989 WL 7922 (D.Kan. January 9, 1989).

In dealing with this issue several courts have drawn a distinction between contempt proceedings intended to effectuate collection of a judgement and those intended to "uphold the dignity of the court." *See, In re Marini*, 28 B.R. 262 (Bankr.E.D.N.Y. 1983); *In re Gedeon*, 31 B.R. 942 (Bankr.D. Colo.1983); *In re Corbly*, 61 B.R. 851 (Bankr.D.S.D.1986). In *Guariglia v. Community National Bank & Trust Co.*, 382 F.Supp. 758 (E.D.N.Y.1974), the court held that a contempt proceeding against a bankrupt should not be stayed if the judgement to be imposed was for the purpose of upholding the dignity of the court. If, however, the contempt proceeding was simply "a circumvented method of collecting a judgement against the debtor otherwise dischargeable in bankruptcy," *id.* at 761, it was primarily compensatory in nature and should be stayed. *See, U.S. Sprint Communications Co. v. Buscher*, 89 B.R. 154 (D.Kan.1988).

A contempt citation which is intended to uphold the dignity of the court should not be stayed, even though the contempt judgement is payable to the opposing party. *In re Gedeon*, 31 B.R. 942 (Bankr.D. Colo.1983). *In re Gedeon*, id., the court held that a contempt fine, arising out of the debtor's violation of a court order regarding the custody of his children, was not dischargeable under section 523(a)(7) of the bankruptcy rules. The court stated that

---

**1.** Although Appellee did not respond to Appellant's actions in the Bankruptcy Court she did appear before this Court in a related hearing on October 11, 1990, pro se, and explained that she could not afford to contest Appellant's actions in the Bankruptcy Court.

"[a] civil fine, meant to coerce a defendant to obey a court order, would seem to be imposed to uphold the dignity of the court, even though the fine is payable to a plaintiff." *Gedeon,* 31 B.R. at 946.

■ In the case at bar, it seems clear that the order of the Superior Court of Paulding County has been flouted by Appellant. On the other hand, there is little question but that the citation for contempt could be construed as driven by a collection motive. This Court cannot deal with the present citation for contempt in a more detailed manner since no copy of the citation was included in Appellant's submissions to this court and Appellee is not represented.

Nonetheless, in accordance with the above principles, this Court will address the order of the Bankruptcy Court dated September 18, 1990 which denied Appellant's request to stay the contempt action pending in Paulding County. It seems clear from the above that Appellee should not be allowed to collect indirectly the discharged property settlement which she cannot obtain directly. At the same time, the bankruptcy rules should not provide a haven in which to avoid the effect of court orders. The Bankruptcy Court order, as written, simply denies the relief requested. The order does not attempt to distinguish between a collection motive and vindication of the court's authority. To remedy this apparent oversight, this Court, pursuant to Bankruptcy Rule 8013,[2] will modify the order of the bankruptcy court.

Appellant's motion for a restraining order is granted only insofar as the citation of contempt pending in the Superior Court of Paulding County seeks to collect the $16,500.00 debt which has been discharged by the Bankruptcy Court. The pending citation for contempt is not stayed insofar as it relates to the failure of the Appellant to obey the Superior Court's order in the months prior to bankruptcy, nor as it may seek to have the previous divorce decree modified due to changed circumstances,

nor as it relates to any actions arising from the earlier divorce which are unrelated to the discharged $16,500.00 debt.

Accordingly, based on the above, the order of the Bankruptcy Court dated September 18, 1990, and which denied in full Appellant's requested relief is MODIFIED as described above.

IT IS SO ORDERED.

---

**2.** Rule 8013 states;
"*Disposition of appeals; weight accorded bankruptcy judge's findings of fact*
On appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgement, order, or decree or remand with instructions for further proceedings."