**In re PC SYSTEMS, INC., Debtor.**

**Irving GENNET, Trustee, Plaintiff,**

v.

**Stewart E. FASON, Defendant.**

**Bankruptcy No. 91–32662–BKC–RAM. Adv. No. 93–0786–BKC–RAM–A.**

United States Bankruptcy Court, S.D. Florida.

Jan. 31, 1994.

Lisa J. Chaiklin, Furr & Cohen, P.A., Boca Raton, FL, for plaintiff.

Stewart E. Fason, pro se.

## *MEMORANDUM OPINION*

ROBERT A. MARK, Bankruptcy Judge.

The Trustee of PC Systems, Inc. ("PC Systems" or "Debtor") filed a complaint to

avoid preferential transfer pursuant to 11 U.S.C. § 547 against Stewart E. Fason ("Fason" or "Creditor") on August 3, 1993. The Complaint is based upon a voluntary foreclosure on all of the assets of PC Systems by Fason on or about June 30, 1991. At the time of the foreclosure, defendant Fason held a security interest in the assets to secure a promissory note. The sole issue in this adversary is whether Fason's security interest in assets located in Kentucky and Missouri was perfected when he took possession. If not, the value of those assets is recoverable by the Trustee, as a preferential transfer.

## PROCEDURAL BACKGROUND

An involuntary bankruptcy petition was filed against PC Systems on September 18, 1991. The petition was not contested. Irving Gennet was appointed Chapter 7 Trustee on October 24, 1991. The Court entered an Order for Relief on October 29, 1991.

The Trustee filed this adversary proceeding on August 3, 1993, and on October 21, 1993 filed a Motion For Partial Final Summary Judgment As To Validity[1] Of Lien Claimed By Defendant, Stewart E. Fason, and a memorandum in support thereof. Fason, appearing pro se, filed a subscribed and sworn "Answer To Trustee's Motion For Partial Summary Judgment" which the Court will treat both as an affidavit and a memorandum of law since Fason presents both sworn statements of fact and legal argument.

At the November 2, 1993 hearing on the Trustee's motion, the parties agreed that the facts were substantially undisputed and that the Court could accept the facts as set forth

in the Trustee's memorandum and Fason's response. The parties also waived oral argument and the motion was taken under advisement.

## FACTUAL BACKGROUND

The relevant facts are undisputed. On February 2, 1990, PC Systems and Fason entered into an Agreement for Purchase and Sale of Assets pursuant to which PC Systems executed a promissory note in the approximate amount of $3.2 million in favor of Fason. To secure the loan, PC Systems granted Fason a security interest in essentially all its present and future assets, hereafter referred to as "Inventory". At the time of the transaction, PC Systems operated stores throughout Florida, as well as one store in St. Louis, Missouri and one store in Richmond, Kentucky. Fason filed a U.C.C. Financing Statement in Florida in February 1990, but did not file financing statements in Missouri or Kentucky.

PC Systems defaulted on the note, and on June 30, 1991, less than ninety (90) days prior to the bankruptcy, PC Systems voluntarily turned over all its assets to Fason. The assets included Inventory in Kentucky and Missouri which the Trustee alleges was worth in excess of $187,000.00.

In the complaint, the Trustee alleges that Fason received a voidable preferential transfer in an amount exceeding $187,000.00 by virtue of receiving the Kentucky and Missouri Inventory. The Trustee's action is based on the argument that under the Uniform Commercial Code as adopted in Missouri and Kentucky, in particular U.C.C. § 9–103,[2] Fason's security interest in the In-

---

1. Although the title of the motion refers to validity of the lien, the perfection of the lien, and not its validity, is the subject at issue here.

2. The relevant subsection of the U.C.C. is § 9–103(1)(d), which provides:

 When collateral is brought into and kept in this state while subject to a security interest perfected under the law of the jurisdiction from which the collateral was removed, the security interest remains perfected, but if action is required by Part 3 of this Article to perfect the security interest,

 (i) if the action is not taken before the expiration of the period of perfection in the other

jurisdiction or the end of four months after the collateral is brought into this state, whichever period first expires, the security interest becomes unperfected at the end of that period and is thereafter deemed to have been unperfected as against a person who became a purchaser after removal;

 (ii) if the action is taken before the expiration of the period specified in subparagraph (i), the security interest continues perfected thereafter ...

U.C.C. § 9–103(1)(d), codified at *Mo.Stat.Ann.* § 400.9–103(1)(d) (1993), *Ky.Rev.Stat.* § 355.9–103(1)(d) (1987). Florida, Missouri and Kentucky all have adopted the Uniform Commercial

ventory located in Missouri and Kentucky was not perfected due to his failure to file financing statements in those states.[3] Thus, the Trustee argues, the turnover of that property within the ninety days prior to the bankruptcy filing constitutes an avoidable preference.

In response, Fason attests that 95% of the assets in Missouri and Kentucky at the time of turnover had been in those states less than 120 days, that all goods were shipped to PC Systems' main location in Florida and then reshipped to satellite stores, and that he took unequivocal, absolute and notorious possession of the Inventory as of July 1, 1991. Because the Inventory had not been removed from Florida more than four months prior to his taking possession, he argues, his interest in the Inventory remained perfected under U.C.C. § 9–103.

For the reasons that follow, the Court concludes that Fason had a valid and perfected lien on all Inventory transferred to Kentucky and Missouri less than four months prior to the voluntary foreclosure. As such, the Trustee's motion for partial summary judgment will be denied and partial summary judgment will be entered for Fason.

## DISCUSSION

Without dispute, the first four elements of a preference exist in this transaction. Fason received property of the Debtor on account of an antecedent debt within 90 days of the bankruptcy filing. The only issue is whether the transfer enabled Fason to receive more than he would have received in this Chapter 7 case had the transfer not been made, pursuant to 11 U.S.C. § 547(b)(5).

■ Fason's claim far exceeded the value of the assets at the time of the transfer of the Kentucky and Missouri assets. Thus, if those assets were not subject to a perfected security interest, the transfer did enable him to receive more than he would have in a Chapter 7 liquidation.[4]

■ Resolving the motion therefore requires an answer to this question: When property subject to a perfected security interest in one state is removed to another state, does the obligation to file a financing statement in the new state, pursuant to U.C.C. § 9–103(1)(d),[5] arise within four months of the first time any collateral is removed; or alternatively, does the four-month "window" extend to each item of property individually as it is removed to the new state?

Under the first theory, the interpretation urged by the Trustee, the obligation to refile is triggered as soon as any item covered by the originally perfected security agreement is removed to the new state. Thus, after the financing statement was filed in Florida in February of 1990, Fason was obligated to refile within four months of the first time any property within the description of "Inventory" was removed to Missouri or Kentucky or lose his perfected status as to all property removed thereafter. Absent such refiling,

Code without significant statutory changes or discernible variations in relevant caselaw, so the court hereafter will cite to general U.C.C. provisions rather than specific state laws.

Thus, although the choice of law provision in U.C.C. § 9–103(1)(b) provides that perfection and the effect thereof are "governed by the law of the jurisdiction where the collateral is when the last event occurs on which is based the assertion that the security interest is perfected or unperfected," the issue is of limited import due to the absence of significant differences in the laws of the varying jurisdictions. Nonetheless, the Court notes that Missouri law and Kentucky law apply, respectively, to determine whether *Fason's interest in the collateral in those states was perfected.*

3. The Trustee concedes that Fason held a valid, perfected security interest in all Inventory locat-

ed in Florida at the time of the voluntary foreclosure, and has not contested the turnover of that property to Fason.

4. Under 11 U.S.C. § 544(a), the Trustee would have held a hypothetical lien on the Kentucky and Missouri Inventory as of the filing date. If Fason was unperfected, the Inventory would have been liquidated for the benefit of all creditors.

5. Fason has directed a portion of his response to discussion of U.C.C. § 9–103(3). Subsection (3) only applies to accounts, general intangibles, and mobile goods such as motor vehicles. The Court's understanding is that the property turned over to Fason was inventory as that term is commonly understood or "ordinary goods", and thus subsection (1) rather than (3) applies.

Fason was unperfected and received a preferential transfer.

Under the second interpretation, as each item of Inventory is removed the four-month grace period begins for that item. Pursuant to Fason's uncontested affidavit, Fason took absolute, unequivocal possession of the Inventory at the Missouri and Kentucky stores within four months of its removal from Florida. Thus, no preferential transfer occurred because Fason was still perfected as to that Inventory at the time of the turnover.

 The Court finds that the latter approach is the only one that can be reconciled with the statutory scheme. A creditor's security interest attaches in specific items of property when the debtor obtains rights in that collateral. See U.C.C. § 9–203. The creditor's interest in those items is perfected as of that point if a financing statement covering the collateral is filed in the state where the property is located. Under U.C.C. § 9–103(1)(d), the creditor's interest will remain perfected in specific collateral removed to another state for four months, but will lose its perfected status if the creditor does not refile in the new state within that time. This can not mean, however, that all collateral removed thereafter is immediately unperfected. Compare, Matter of Kids Stop of America, Inc., 64 B.R. 397, 401 (Bankr.M.D.Fla.1986) (analysis of perfected status relates to time that specific inventory is moved).

██ The Trustee attempts to distinguish Kids Stop on the basis that the creditor there was granted a perfected replacement lien on all postpetition inventory by court order. Thus, the creditor was perfected as to all inventory removed within four months prior to the court-ordered replacement lien. The result here is no different, however. Fason is perfected as to all inventory removed within four months prior to the voluntary foreclosure, because at that time his interest was again perfected by taking possession.[6] The

Trustee's assertion that Fason was "never perfected" in the Inventory brought into Kentucky or Missouri simply is an inaccurate interpretation of the plain meaning of U.C.C. § 9–103(1), which makes no distinction between perfection by taking possession and perfection by court order.

The Trustee also argues that U.C.C. § 9–103 should be read in light of its underlying purpose and policy, which is effectively two-fold: to protect creditors in the first state from an absconding debtor who removes collateral from the jurisdiction; and also, to protect third party creditors in the state to which encumbered property is removed. See, In re Halmar Distribs., Inc., 968 F.2d 121 (1st Cir.1992); Alpine Paper Co. v. Lontz, 856 S.W.2d 940 (Mo.App.E.D.1993); First Nat'l Bank in Brookings v. John Deere Co., 409 N.W.2d 664 (S.D.1987). The provision is intended to allow an initial creditor four months within which to discover that an absconding debtor has removed property from the state where the creditor's interest was initially perfected, and then to allow subsequent creditors the assurance that property that has been in a state for four months, for which no financing statement is filed in the state, is not encumbered.

In the instant case, there was no absconding debtor—Fason knew at the time of his initial transaction with PC Systems that the debtor did business in Missouri and Kentucky, and in fact acknowledges that the failure to file financing statements in those jurisdictions was due to a clerical error. Allowing Fason to maintain his perfected status by virtue of the four-month grace period arguably would reward a less than diligent creditor who has failed to file financing statements in states where he knows encumbered property will be located. Furthermore, a finding that Fason remained perfected arguably has the effect of allowing a "secret lien," such that a creditor, by filing in one state, can maintain a perfected security interest in another state when the secured property is

---

6. Fason's taking possession of the Inventory was sufficient action to perfect his interest therein during the four-month window, pursuant to U.C.C. § 9–305 (security interest in goods may be perfected by the secured party's taking possession of the collateral). Compare, In re Utah Agricorp, Inc., 12 B.R. 573, 576 (Bankr.D.Utah 1981) (secured party may perfect within four month grace period by filing a financing statement or by possession of goods under U.C.C. § 9–305).

continually moving into the second state over a lengthy period of time but each individual item is sold within four months of its arrival.

These arguments do not change the ultimate result. First, the Trustee cites no statutory language or case authority indicating that the secured creditor's knowledge of the possibility of removal is relevant to an inquiry as to its perfected status. In fact, the one case discussed by the parties supports the contrary position. *See Kids Stop,* 64 B.R. at 399 (uncontroverted evidence was that creditor knew that additional stores were to be opened in other states).

Furthermore, the simple fact is that the foreclosed Inventory had not been in Missouri and Kentucky for four months, so that a responsible third-party creditor or purchaser would not be entitled to presume that the property was unencumbered. Indeed, as a practical matter it is difficult to perceive how a diligent potential creditor in Missouri or Kentucky would not discover that the one satellite store in each of those states was receiving all its goods from another location in Florida, where the goods might in fact be encumbered.

In short, the Court could speculate about whether this decision rewards a less than diligent creditor or theoretically prejudices creditors in the other states by protecting a "secret lien." But these policy implications, whether real or speculative, cannot affect the Court's application of clear statutory language. The statute says that a perfected lien remains perfected for four months after the collateral leaves the state, conditional upon reperfection within that time when required. As applied here, this means that Fason's interest in the Inventory remained perfected as to all property that had been removed from Florida to Missouri and Kentucky within four months prior to the voluntary foreclosure and Fason's taking possession on July 1, 1991. Thus, the undisputed facts do not entitle the Trustee to judgment as a matter of law on the issue of the validity or perfection of Fason's lien on the Inventory of PC Systems.

■ Although Fason has not filed a cross-motion, the Court will grant partial summary judgment in favor of Fason as to the validity and perfection of his lien on all Inventory removed from Florida less than four months prior to the turnover on June 30, 1991. *See, Abrams v. Occidental Petroleum Corp.,* 450 F.2d 157 (2d Cir.1971), *aff'd sub nom. Kern County Land Co. v. Occidental Petroleum Corp.,* 411 U.S. 582, 93 S.Ct. 1736, 36 L.Ed.2d 503 (1972); *Procter & Gamble Indep. Union of Port Ivory, N.Y. v. Procter & Gamble Mfg. Co.,* 312 F.2d 181 (2d Cir.1962), *cert. denied,* 374 U.S. 830, 83 S.Ct. 1872, 10 L.Ed.2d 1053 (1963); *Federal Deposit Ins. Corp. v. Sumner Fin. Corp.,* 376 F.Supp. 772 (M.D.Fla.1974) (appropriate to grant summary judgment for non-moving party, despite absence of cross-motion, where undisputed facts entitle non-moving party to judgment).

## CONCLUSION

The Trustee's Motion For Partial Final Summary Judgment As To Validity Of Lien Claimed By Defendant, Stewart E. Fason is denied, and summary judgment on the validity and perfection of Fason's lien on Inventory removed from Florida less than four months prior to June 30, 1991 is granted. The Court will enter Final Judgment for Fason unless, within ten (10) days, the Trustee requests a trial to determine and recover the value of Inventory that had been in Missouri and Kentucky for more than four months. Based on Fason's uncontested attestation that more than 95% of the Inventory had been removed less than four months prior to the turnover, the Court questions whether this further litigation will be cost effective, but the Trustee must make that determination.

A separate order will be entered in accordance with this Memorandum Opinion.