**In re Harold BAILEY, SSN: 585–09–3407, Debtor.**

**UNIVERSITY OF NEW MEXICO, Plaintiff,**

**v.**

**Harold BAILEY, Defendant.**

**Bankruptcy No. 7–94–10621 RA. Adv. No. 94–1137 R.**

United States Bankruptcy Court, D. New Mexico.

April 7, 1995.

Paul T. Yarbrough, Albuquerque, NM.

Harold Bailey, Albuquerque, NM, pro se.

## *MEMORANDUM OPINION*

STEWART ROSE, Bankruptcy Judge.

For the reasons set forth in this opinion, plaintiff's motion for summary judgment will be denied.

The parties agree that there is no genuine issue as to any material fact, but they disagree that plaintiff is entitled to judgment as a matter of law.

Defendant filed suit, pro se, in the United States District Court for the District of New Mexico against the president and other high officials of the University of New Mexico. He sued the defendants individually, although the acts he complained of were obviously within the scope of their duties as employees of the University. Bailey's principal complaint in the suit was that the defendants conspired to deprive him of his civil rights by failing to afford him an opportunity to interview for two important staff positions at the University. On motion for summary judgment, the court granted judgment in favor of the defendants, and sanctioned Bailey, pursuant to Rule II, for filing a factually baseless suit. The defendants were awarded attorney fees. The defendants were represented in the suit by attorneys employed and paid by the State of New Mexico.

Thereafter Bailey filed this Chapter 7 bankruptcy. The University did not file a complaint pursuant to 11 U.S.C. § 523(a)(6) (dealing with willful and malicious injury) within the limitations period. However, the University now brings this complaint pursuant to 11 U.S.C. § 523(a)7. It is interesting to note that the original complaint sought to except from discharge not only the sanction, but also the court costs. The amended complaint deleted the claim for costs, but alleged the assignment of the right to recover the sanction by the individual defendants to the University. Written assignments were executed between the time of filing of the original and amended complaints. 11 U.S.C. § 523(a)7 excepts from discharge any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss ..."

█ Bailey contends that the sanction imposed for his misconduct is not a fine or penalty. This court disagrees. *Black's Law Dictionary* [1] defines a sanction as "That part of the law which is designed to secure enforcement by imposing a penalty for its violation." Bailey next contends that even if the sanction is a penalty, it is compensation for actual pecuniary loss. The weight of authority is to the contrary [2]. As the 1993 amendments to Rule 11 make clear, the purpose of a sanction is to punish prohibited behavior by a litigant, not to compensate the victim thereof, even if the amount of the sanction is commensurate with the loss.

█ The problem with the University's claim in this proceeding is that the award was made to the individual defendants, not to the University nor the State. 11 U.S.C. § 523(a)(7) requires that it be payable "to and for the benefit of a governmental unit."

*"Congress has already confronted the types of fines, penalties and forfeitures that are to be excepted from discharge under § 523(a)(7) and, in doing so, has determined that only those that are "payable to and for the benefit of a governmental unit" qualify. In this regard, the language of the statute is unambiguous. A*

---

1. *Black's Law dictionary*, Fifth Edition, p. 1203.

2. *Matter of Zarzynski*, 771 F.2d 304 (7th Cir. 1985), see also *In re Cillo*, 165 B.R. 46 (M.D.Fla. 1994).

*debt is nondischargeable only if both criteria are met. Thus, a debt must be payable to a governmental unit to be nondischargeable under § 523(a)(7). If the obligation is owed to something other than a governmental unit, the debt will be a dischargeable one."* [3]

The award was obviously for the benefit of the State, in that it purported to reimburse (but not necessarily compensate) the State for its loss. There is no doubt that the State is the real party in interest (along with the court) in the sanction. Nevertheless, the award, by its very terms, is not payable to a governmental unit.

The few courts which have spoken on this precise point are divided. *In re Strutz, supra,* holds to a literal reading of the statute. *In re Gedeon,* 31 B.R. 942 (Bankr.D.Colo. 1983), emphasizes upholding the dignity of the court and the enforcement of its orders, but may confuse to whom the fine is payable with the compensatory nature thereof.

Even though this court cannot write upon a clean slate, it is imperative that it write cleanly. The only court which could impose a sanction for misconduct before it is the court in which the misconduct occurred. This, the District Court did. The District Court had the option to make the sanction payable to the University. This, it did not. The grounds for excepting a debt from discharge are statutory. If the debt does not fit within the statute, it is dischargeable. The University cannot make a dischargeable into a nondischargeable debt by securing an assignment thereof. When the character of a debt is defined in terms of the holder thereof, that character cannot be changed by its assignment.

The foregoing constitutes the Court's findings of fact and conclusions of law. A separate form of order shall enter denying the plaintiff's motion for summary judgement.

---

**3.** *In re Strutz,* 154 B.R. 508, 510 (Bankr.N.D.Ind. 1993).