**In re Martin FRIEDMAN, Debtor.**

**Jeff–Mark Partnership, Plaintiff,**

**v.**

**Martin Friedman, Defendant.**

Bankruptcy No. 99–35909–BKC–SHF.

Adversary No. 00–3099–BKC–SHF–A.

United States Bankruptcy Court,
S.D. Florida.

Sept. 29, 2000.

---

Jeffrey N. Schatzman, Schatzman & Schatzman, P.A., Miami, FL, for Jeff–Mark Partnership.

Martin Friedman, West Palm Beach, FL, pro se.

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANT AND RESCHEDULING PRETRIAL CONFERENCE

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court on Jeff–Mark Partnership's ("Plaintiff"'s) Motion For Summary Judgment. On April 7, 2000, Plaintiff initiated this adversary proceeding by filing its Complaint to Determine Nondischargeability of Debt. The complaint alleges that the $242,090.85 debt owed to Plaintiff by Defendant, arising from a contempt judgment for Defendant's failure to comply with a Pennsylvania court order concerning discovery, is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(6) and 523(a)(7). On June 9, 2000, Plaintiff filed a Motion for Summary Judgment stating that there is no genuine issue of any material fact and claiming that Plaintiff is entitled to summary judgment as a matter of law. As the Plaintiff's legal argument contained in the Motion for Summary Judgment is limited to the 11 U.S.C. § 523(a)(7) claim of nondischargeability and as it appears that genuine issues of material fact exist as to the 11 U.S.C. § 523(a)(6) claim, the Court grants summary judgment in favor of the Defendant only on the § 523(a)(7) claim.[1]

On December 3, 1999, the Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The Plaintiff initiated the instant adversary proceeding on April 7, 2000, contending that the debt owed by Defendant to Plaintiff is nondischargeable. The debt in question arose in a Pennsylvania court during the course of post judgment discovery. After the Defendant failed to respond to interrogatories proffered by the Plaintiff, the Plaintiff obtained an order directing the Defendant to respond to the interrogatories within thirty (30) days. When the Defendant did not respond, a Rule to Show Cause was issued. No reason was given by Defendant for his failure to answer the interrogatories. On October 30, 1995, the court imposed sanctions against the Defendant for costs and attorney's fees in the sum of $2,590.85, plus $500.00 a day for each day that the Defendant remained in contempt of the court order requiring the Defendant to respond to the interrogatories. On February 27, 1997, the Plaintiff obtained a Judgment in the aggregate amount of $242,090.85, which included $2,590.85 for attorney's fees and costs and $239,500.00 for 479 days, at $500.00 for each day that

1. This ruling is limited to the 11 U.S.C. § 523(a)(7) count of Plaintiff's complaint and has no effect on the 11 U.S.C § 523(a)(6) count.

the Defendant failed to comply with the court order. In the Motion for Summary Judgment, the Plaintiff contends that there are no material facts in dispute and asserts an entitlement to judgment as a matter of law pursuant to 11 U.S.C § 523(a)(7).

Summary judgment is available in situations where no material facts are in dispute. *See Johnson v. Fleet Fin., Inc.,* 4 F.3d 946 app. at 948 (11th Cir.1993). The party who will bear the burden of proof at trial must sufficiently establish the essential elements of that party's case to avoid the granting of summary judgment in favor of the opposing party. *See id.* In determining whether the moving party is entitled to summary judgment, the court must review all evidence and inferences arising therefrom in the light most favorable to the nonmoving party. *See id.* at 949 (quoting *Welch v. Celotex Corp.,* 951 F.2d 1235, 1237 (11th Cir.1992)). The court may grant summary judgment to the nonmoving party when no genuine issue of material fact exists and the nonmoving party is entitled to judgment as a matter of law. *See First Nat'l Bank in Yonkers v. Maryland Cas. Co.,* 290 F.2d 246, 251 (2d Cir.1961); *Gennet v. Fason (In re PC Systems, Inc.),* 163 B.R. 382, 387 (Bankr. S.D.Fla.1994).

■ In the instant case, no material facts are in dispute as to the 11 U.S.C. § 523(a)(7) claim of nondischargeability. For Section 523 purposes, the burden of proof is on the Plaintiff, who must prove that the debt is nondischargeable by a preponderance of the evidence. *See Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755, 24 C.B.C.2d 1 (1991). Section 523(a)(7) provides in part:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to *and* for the benefit of a governmental

unit, and is not compensation for actual pecuniary loss ...

(emphasis added.)

■ Upon reading the language in the statute, it seems obvious and unequivocal. The language *"payable to and for the benefit of a governmental unit"* creates two requirements that must be met. *See In the Matter of Towers,* 162 F.3d 952, 955–56 (7th Cir.1998) (finding victim restitution payments dischargeable because, although payable to the Attorney General, they would be redistributed to the victim and thus for the benefit of the victim and not "for the benefit of a governmental unit"); *Univ. of New Mexico v. Bailey (In re Bailey),* 202 B.R. 317, 318–19 (Bankr. D.N.M.1995) (finding that award was for the benefit of the state but not payable to a governmental unit and, thus, dischargeable); *Wash v. Moebius (In re Wood),* 167 B.R. 83, 88 (Bankr.W.D.Tex.1994), *aff'd,* 58 F.3d 637 (5th Cir.1995), *and cert. denied,* 516 U.S. 964, 116 S.Ct. 418, 133 L.Ed.2d 335 (1995) (finding a sanction payable to a private litigant nondischargeable); *Commercial Bankers Life Ins. Co. v. Strutz (In re Strutz),* 154 B.R. 508, 510 (Bankr. N.D.Ind.1993) ("a debt must be payable to a governmental unit to be nondischargeable under § 523(a)(7)"). First, the debt must be payable *to* a governmental unit. Second, the debt must be *for the benefit of* a governmental unit. In the instant case, the debt created by the contempt judgment against the Defendant is payable to the Plaintiff, a private party, and not to a governmental unit.

■ The Plaintiff does not dispute the fact that the fine is not payable to a governmental unit, but instead, relies on cases finding sanctions payable to private parties nondischargeable when imposed to uphold "the dignity of the court." *See PRP Wine Int'l, Inc. v. Allison (In re Allison),* 176 B.R. 60, 64 (Bankr.S.D.Fla.1994) (contempt judgment held nondischargeable, although payable to a private party, because it was awarded to vindicate the dignity and authority of the court); *School Pictures of*

*Mississippi, Inc. v. Winn (In re Winn)*, 92 B.R. 938, 940 (Bankr.M.D.Fla.1988) (the requirements of § 523(a)(7) are satisfied when a fine is not compensation and is imposed as a penalty to vindicate the dignity and authority of the court); *Rose v. Gedeon (In re Gedeon)*, 31 B.R. 942, 946 (Bankr.D.Colo.1983) ("civil contempt penalty ordered by the New Mexico court to be paid to the Plaintiff herein was a penalty imposed to uphold the dignity of the court and for the benefit of the court, thus nondischargeable under 523(a)(7)"); *Thruway Messenger Serv., Inc. v. Marini (In re Marini)*, 28 B.R. 262, 265–66 (Bankr. E.D.N.Y.1983) (looking to totality of the circumstances, held that fine for contempt of court meant to punish defendant for disobeying court ordered injunction was nondischargeable under § 523(a)(7) because imposed "to uphold the dignity of the court"). The cases cited by the Plaintiff rely upon the "for the benefit of" language and ignore the "payable to" a governmental unit requirement. *See In re Strutz*, 154 B.R. at 510 ("[t]he courts that focus solely upon the 'for the benefit of' language of § 523(a)(7) have mistakenly overlooked an equally important portion of the statute").

■ "The Supreme Court of the United States has told us bankruptcy judges simply to look at the 'plain meaning' of the statute." *In re Wood*, 167 B.R. at 88, (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989)). The plain meaning of the statute is that the debt

must be both payable to a governmental unit and for the benefit of a governmental unit to be nondischargeable. In the instant case, even if the "for the benefit of a governmental unit" requirement is met by the abstract benefit of upholding "the dignity of the court," [2] the debt cannot be held nondischargeable under section 523(a)(7) because it is not payable to a governmental unit.[3]

In conclusion, the Court finds that Section 523(a)(7) does not except the $242,090.85 judgment from discharge. The Court believes that this holding comports with the general policy and plain meaning of the Bankruptcy Code. *See In re St. Laurent, II*, 991 F.2d 672, 680–81 (11th Cir.1993) ("general policy that exceptions to discharge are to be construed strictly against the creditor and liberally in favor of the debtor" and finding that private entities cannot obtain nondischargeability judgments through § 523(a)(7) but are not precluded from pursuing such judgments under other subsections of § 523).

Accordingly, it is hereby

**ORDERED** that—

1. Summary judgment is **granted in favor of Defendant Martin Friedman on Count II** of the complaint.

2. A Pretrial Conference with regard to **Count I** of the complaint, filed pursuant to § 523(a)(6) on the basis that the damages awarded in Plaintiff's favor were incurred as a result of Defendant's

2. At least two courts have found that the "payable to" language suggests that the "benefit" the statute is referring to is economic in nature. *See In the Matter of Towers*, 162 F.3d at 956 ("the context in which 'benefit' appears—'payable to and for the benefit of a governmental unit'—implies that the 'benefit' in question is the benefit of the money that is 'payable to' the governmental unit"). The "for the benefit of" language was not intended to be satisfied in the abstract. *See Rashid v. Powell (In re Rashid)*, 210 F.3d 201, 208 (3d Cir.2000) ("[t]he word 'payable' clearly casts an economic light over the phrase that suggests that the benefit must be conferred from

the monetary value of the debt to be paid by the defendant and not the more abstract benefit of criminal deterrence").

3. Additionally, the debt can only be held nondischargeable if it is not compensation for pecuniary loss. In the instant case, part of the contempt judgment consisted of compensation for costs and attorney's fees. As such, the debt, to the extent that it was in the nature of compensation, could not be nondischargeable under 11 U.S.C. § 523(a)(7) even if the other requirements of the statute were met.

willful and malicious conduct, shall be conducted on **Tuesday, November 7, 2000, at 10:30 a.m.,** at the Paul G. Rogers Federal Building, 701 Clematis Street, Courtroom 6, West Palm Beach, Florida.