*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0420p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RANDOLPH HUGHES,

*Plaintiff-Appellant,*

*v.*

No. 05-3945

NEIL SANDERS, II,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 04-00744—Algenon L. Marbley, District Judge.

Argued: June 23, 2006

Decided and Filed: November 13, 2006

Before: BOGGS, Chief Judge; BATCHELDER, Circuit Judge; BELL, Chief District Judge.[*]

_____

## COUNSEL

**ARGUED:** Teresa L. Cunningham, Florence, Kentucky, for Appellant. Neil H. Sanders, Santa Barbara, California, for Appellee. **ON BRIEF:** Teresa L. Cunningham, Florence, Kentucky, for Appellant. Neil H. Sanders, Santa Barbara, California, for Appellee.

_____

## OPINION

_____

ALICE M. BATCHELDER, Circuit Judge. The appellant, Randolph Hughes, challenges the district court's ruling that the appellee's debt to Hughes does not come within the categories of nondischargeable debt under 11 U.S.C. § 523(a)(7). We affirm the judgment of the district court.

The facts of the case are not in dispute. The appellee, Sanders, represented Hughes in an employment action against Ford Motor Company. Hughes later sued Sanders for malpractice. During the course of the malpractice action, Sanders violated a number of court orders, including discovery orders and an order to appear. Eventually, the district court entered a default judgment as to liability, pursuant to Federal Rule of Civil Procedure 37(b)(2), stating:

---

[*]The Honorable Robert Holmes Bell, Chief United States District Judge for the Western District of Michigan, sitting by designation.

1

> Defendant's conduct is willful and wanton and constitutes a complete disregard for the Court and for the obligations his status as a party to this lawsuit and as an attorney place upon him. There is no evidence of excusable and justifiable neglect here, but there is continuing evidence of a pattern of bad faith on behalf of Defendant. He has abused the judicial process.

*Hughes v. Sanders*, No. 204CV744, 2005 WL 1490534, at *1 (S.D. Ohio June 23, 2005) (citing *Hughes I Contempt Order* (Jan. 7, 2004)). The district court then scheduled a hearing on damages, at which Sanders failed to appear. After taking evidence, the court entered judgment against Sanders in the amount of $894,316.81, representing wages and interest claimed in the underlying Ford Motor Company case; $143,602.25 for attorney's fees, costs, and interest in that case; and $25,873.95 for attorney's fees, costs and interest in the malpractice case.

In 2004, Sanders filed for bankruptcy under Chapter 7 and listed Hughes as one of his creditors. Hughes then brought this action, seeking a declaration that the judgment is a nondischargeable debt under 11 U.S.C. § 523(a)(7). Sanders filed a motion to dismiss Hughes's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and the district court reluctantly granted the motion, concluding that the judgment, although of a punitive nature, did not meet the statutory requirements that it be payable to a governmental unit and that it be non-compensatory. Because we believe that the district court's understanding and application of the statute are correct, we – equally reluctantly – affirm the court's holding.

We review *de novo* dismissals under Rule 12(b)(6). *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). A complaint must contain "more than the bare assertion of legal conclusions," and it must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Id.* (quoting *In re DeLorean Motor Co.*, 191 F.2d 1236, 1240 (6th Cir. 1993)). A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Hughes has not pled – nor could he plead – facts upon which he could prevail under 11 U.S.C. § 523(a)(7). That statute provides in pertinent part:

> **Exceptions to discharge**
> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
> . . .
> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty – . . . .

11 U.S.C. § 523(a)(7). The parties do not dispute that the default judgment was punitive in nature. In order for Hughes to prevail here, therefore, we must determine whether the judgment set out in the complaint is "payable to and for the benefit of a governmental unit" and whether it is compensation for actual pecuniary loss. The answers to those questions are clear. The judgment is payable to Hughes, who is not a governmental unit, and it is in an amount calculated to compensate Hughes for the damage he incurred as a result of Sanders's malpractice.

Hughes urges us to find this debt nondischargeable by extending the Supreme Court's decision in *Kelly v. Robinson*, 479 U.S. 36, 53 (1986), which held that criminal restitution to be paid to the Connecticut Office of Adult Probation was nondischargeable under 11 U.S.C. § 523(a)(7) because it was primarily punitive in nature despite its compensatory aspect. The Court reasoned that its holding was warranted in light of the strong interest of the states in ensuring criminal justice. *Id.*

at 47 ("Our interpretation of the Code also must reflect . . . a deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings."). The Court concluded that "[t]he sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State. Those interests are sufficient to place restitution orders within the meaning of § 523(a)(7)." *Id.* at 53.

As Hughes has noted, some courts have applied *Kelly* to penalties that are not payable to a governmental unit. *See U.S. Dept. of Hous. & Urban Dev. v. Cost Control Mktg. & Sales Mgmt. of Va., Inc.*, 64 F.3d 920, 928 (4th Cir. 1995) ("[S]o long as the government's interest in enforcing a debt is *penal*, it makes no difference that injured persons may thereby receive compensation for pecuniary loss."); *In re Allison*, 176 B.R. 60, 64 (Bankr. S.D. Fla. 1994) (when awarded to vindicate the dignity of the court, "a fine or penalty need not be *payable* to a governmental entity in order to be for the *benefit* of a governmental agency."); *In re Marini*, 28 B.R. 262, 266 (Bankr. E.D.N.Y. 1983) (the fact that a contempt of court fine was owed directly to the plaintiff was not relevant to dischargeability under 11 U.S.C. § 523(a)(7)); *In re Winn*, 92 B.R. 938, 940 (Bankr. M.D. Fla. 1988) (daily contempt fine not payable to governmental unit was nondischargeable because it was "imposed as a penalty to vindicate the dignity and authority of the court").

Like the district court, we are not persuaded by the reasoning of these cases. First, the *Kelly* Court did not address the statute's requirement that the debt be payable to and for the benefit of a governmental entity, because that requirement was clearly met: the debt was a criminal restitution order, payable to the State Office of Adult Probation to recompense the defendant's theft from the State Department of Income Maintenance. The issue in *Kelly* was whether a criminal judgment ordering restitution is noncompensatory, despite its having been "calculated by reference to the amount of harm the offender has caused," *Kelly*, 479 U.S. at 52, and is therefore not dischargeable in bankruptcy. The Court concluded that criminal restitution, while for the benefit of the state, is not for the principal benefit of the victim, and therefore falls within the meaning of "not compensation for actual loss" in § 523(a)(7). *Id.* Second, the *Kelly* Court's repeated rationale for its determination that a criminal restitution judgment is not dischargeable is the importance of shielding the states from federal interference with the states' criminal justice systems. *See id.* at 44 ("Courts traditionally have been reluctant to interpret federal bankruptcy statutes to remit state criminal judgments."); *id.* at 47 ("Our interpretation of the Code also must reflect the basis for this judicial exception, a deep conviction that federal bankruptcy courts should not invalidate the results of state criminal proceedings."). And finally, the plain and unambiguous language of the statute requires that the "fine, penalty, or forfeiture [be] payable to *and* for the benefit of a governmental unit." 11 U.S.C. § 523(a)(7) (emphasis added).

We therefore hold that *Kelly* applies narrowly to criminal restitution payable to a governmental unit. We are not alone in this view. *See In re Rashid*, 210 F.3d 201, 208 (3d Cir. 2000) (restitution paid directly to victims was not nondischargeable because it was not payable to a governmental unit); *In re Towers*, 162 F.3d 952, 956 (7th Cir. 1998) (restitution paid to attorney general for redistribution to victims was not nondischargeable because it was not payable to and for the benefit of the state); *In re Friedman*, 253 B.R. 576, 578 (Bankr. S.D. Fla. 2000) (contempt judgment payable to litigant rather than governmental unit was not excepted from discharge); *In re Wood*, 167 B.R. 83, 88 (Bankr. W.D. Tex. 1994) (Rule 11 sanction payable to private litigant was not excepted from discharge because it was not payable to a governmental unit); *In re Strutz*, 154 B.R. 508, 510 (Bankr. N.D. Ind. 1993) ("the language of the statute is unambiguous . . . a debt must be payable to a governmental unit to be nondischargeable under § 523(a)(7).").

Under the plain language of 11 U.S.C. § 523(a)(7), Hughes cannot prevail unless he can show both that the penalty owed by Sanders is payable to and for the benefit of a governmental unit. Here, he can show neither. It is undisputed that the penalty is payable to Hughes. And it is undisputed that the judgment is for an amount calculated to compensate Hughes for damages,

attorney's fees and costs claimed in and arising out of the malpractice action. He therefore has not stated and cannot state a claim for which relief can be granted.

We note that even if we were to accept Hughes's contention that the judgment is payable "to and for the benefit of a governmental unit," Hughes cannot prevail. The final requirement under 11 U.S.C. § 523(a)(7) for excepting a debt from discharge is that the debt is "not compensation for actual pecuniary loss." In this case, the debt owed by Sanders was a default judgment in an amount explicitly calculated to compensate Hughes for malpractice damages, litigation costs and attorney's fees. That the judgment is a default judgment entered by the district court in part as a sanction for Sanders's inexcusable and unprofessional conduct does not change the judgment's compensatory character. Accordingly, the default judgment against Sanders cannot be characterized as nondischargeable under 11 U.S.C. § 523(a)(7).

For the foregoing reasons, we **AFFIRM** the judgment of the district court.