*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 08b0010n.06**

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LEVELL GRIFFIN, JR., | ) | |
| | ) | |
| Debtor. | ) | No. 05-8020 |
| _____ | ) | |
| | ) | |
| LEVERT GRIFFIN, | ) | |
| | ) | |
| Plaintiff - Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEVELL GRIFFIN, JR. and | ) | |
| KEYBANK USA, | ) | |
| | ) | |
| Defendants - Appellees. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Eastern Division.
No. 99-53038, Adversary No. 02-5130.

Submitted: May 14, 2008

Decided and Filed: June 4, 2008

Before: AUG, FULTON, and PARSONS, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Darrell D. Maddock, UAW LEGAL SERVICES PLAN, Macedonia, Ohio, Alan C. Hochheiser, WELTMAN, WEINBERG & REIS CO., LPA, Cleveland, Ohio, for Appellees. Levert K. Griffin, Akron, Ohio, pro se.

**OPINION**

J. VINCENT AUG, JR., Bankruptcy Appellate Panel Judge.  Levert Griffin ("Appellant"), pro se, appeals an order of the bankruptcy court dismissing his adversary proceeding for failure to state a claim upon which relief can be granted.

## I.   ISSUE ON APPEAL

The issue raised by this appeal is whether the bankruptcy court erred in dismissing the Appellant's adversary proceeding on the ground that it failed to state a claim upon which relief can be granted.

## II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court.  28 U.S.C. §§ 158(b)(6), (c)(1).  A final order of the bankruptcy court may be appealed as of right.  28 U.S.C. § 158(a)(1).  The dismissal of the Appellant's complaint is a final order as it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted).

Dismissal of a complaint under Federal Rule of Bankruptcy Procedure 7012(b) is reviewed de novo.  *Hughes v. Sanders*, 469 F.3d 475, 477 (6th Cir. 2006) (citing *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007).

## III.   FACTS

On July 20, 1998, Levell Griffin ("Debtor") purchased a 1998 Dodge Durango ("Dodge") and executed a note in the amount of $23,437.58 payable to KeyBank USA ("KeyBank").  The terms

of the note required monthly payments of $498.23. Title to the Dodge was issued to the Debtor. The note was secured by a lien on the Dodge which was duly noted on the Certificate of Title on July 27, 1998.

On October 4, 1999, the Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. The Dodge was listed on the Debtor's Schedule B - Personal Property. KeyBank was listed as holding a security interest in the Dodge. The Appellant, who is the brother of the Debtor, was listed as a co-debtor on an unidentified obligation to Key Bank. Notice of the bankruptcy case, including a February 2, 2000, deadline to file proofs of claim and confirmation hearing date, was sent to the Appellant and all creditors. The Appellant did not file a proof of claim nor did he object to confirmation of the Debtor's chapter 13 plan. On December 7, 1999, the bankruptcy court entered an order confirming the Debtor's plan.

The Debtor ceased making the required payments to KeyBank sometime in 2001. Despite failing to seek relief from the automatic stay, KeyBank sent the Debtor notice on October 31, 2001 that the Dodge would be repossessed.[1] The Dodge was then repossessed and sold at auction.

On April 2, 2002, the Appellant filed an adversary complaint, pro se, naming the Debtor and KeyBank as defendants. The complaint was captioned "Complaint and Motion for Intervention and Service of Complaint on Key Bank, POB 94827 Cleveland, OH 44101" and stated only the following:

> Now come Levert K. Griffin, et al, without the aid of counsel hereby request an order granting complaint and motion for intervention and service of complaint on Key Bank, POB 94927, Cleveland, OH 44101. To articulate this motion affixed hereto is a document filed in state court the subject matter unsettled.

Attached to the complaint was an order from the Summit County Common Pleas Court stating that a case captioned *Levert Griffin v. Levell Griffin*, No. 01 05 2258 would be placed on the court's inactive docket due to the Debtor's pending bankruptcy case. Also attached was a handwritten motion filed in the state court case on June 1, 2002, captioned "Opposition to Motion to Dismiss for Failure to State a Claim Civ R 12 (B)(b), Hearing Request (Civ R 7)." That motion, while difficult to comprehend, appears to assert that the Appellant was the owner of the Dodge and that he asked

---

[1] No motion alleging a violation of the automatic stay was ever filed by the Debtor.

his brother, the Debtor, to make payments on it with the Appellant's money while the Appellant was in jail, and that the Debtor failed to do so. It cites no applicable law nor does it request any specific relief.

On April 18, 2002, the Debtor filed an answer denying the allegations in the Appellant's complaint and asserting that the complaint should be dismissed for failure to state a claim upon which relief can be granted. KeyBank responded by filing a motion for more definite statement. The bankruptcy court held an initial pre-trial conference on May 22, 2002, at which all parties were present. At that initial conference, the Appellant asserted that he was the owner, or co-signor, of the Dodge and, as such, was entitled to notice of the default, pending repossession, and sale upon repossession. A subsequent pre-trial conference was held on September 18, 2002.[2] On September 26, 2002, the bankruptcy court issued an order dismissing the Appellant's adversary complaint for failure to state a claim upon which relief can be granted. This timely appeal followed.

## IV.   DISCUSSION

In considering whether a complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Bankruptcy Procedure 7012(b):

> The [bankruptcy] court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. Hence, a judge may not grant a Rule [7012(b)] motion based on a disbelief of a complaint's factual allegations.
>
> However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'"

---

[2] The Appellant did not attend this conference. He requested a continuance by mail asserting that he was in jail. However, because no proof of his incarceration accompanied his request, the bankruptcy court denied the requested continuance.

*Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (internal citations omitted). Further, when reviewing a motion to dismiss, the court may not consider matters beyond the complaint. *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001).[3]

The bankruptcy court dismissed the complaint because it "fails to give any notice to defendants of a legally cognizable cause of action against either defendant-debtor or Key Bank even under the most liberal interpretation of notice pleading." (Order Dismissing Adversary Proceeding for Failure to State Any Claim Upon Which Relief Can Be Granted at 4-5.) Indeed, the Appellant's complaint provides no facts, cites no applicable law, and requests no specific relief. While the complaint need not provide a detailed description of the facts and law being asserted as a basis for relief, the complaint must give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993). Moreover, the documents attached to the Appellant's complaint shed no further light on the relief he seeks and also fail to cite to any applicable law. Even making reasonable allowance for the Appellant's pro se status and liberally construing his pleadings, *Ozenne v. Bendon (In re Ozenne)*, 337 B.R. 214, 218 (B.A.P. 9th Cir. 2006), we cannot find that the complaint sets forth a claim upon which relief can be granted. Therefore, the bankruptcy court did not err in dismissing the complaint.

Additionally, in an apparent attempt to construe the complaint in the light most favorable to the pro se plaintiff and liberally construe his pleadings, the bankruptcy court also stated that "[e]ven if the Court were to look beyond the complaint at other pleadings filed by [the Appellant] in this case there still has been no stated claim upon which relief could conceivably be granted." (Order Dismissing Adversary Proceeding for Failure to State Any Claim Upon Which Relief Can Be Granted at 5.) While the Appellant makes reference in the attachment to the complaint that he is the owner of the Dodge, all legal documents on file in the adversary proceeding list only the Debtor as the owner of the Dodge. The bankruptcy court was unable to find anything in the record to support the Appellant's assertion at the initial pretrial conference that he is the owner or co-signor of the Dodge and was, therefore, entitled to notice of default, repossession and sale, nor any applicable law

---

[3] In some instances, the court may consider evidence outside the complaint. However, doing so converts the motion to dismiss to a motion for summary judgment which requires the court to give the parties reasonable opportunity to present all material which may be presented with a motion for summary judgment. *See* Fed. R. Bankr. P. 7012(b).

to support his position.  We are also unable to find any such support in the record.  Accordingly, the bankruptcy court properly found no legal or factual basis for any claim.   Therefore, the bankruptcy court's order dismissing the complaint for failure to state a claim upon which relief can be granted is affirmed.

## V.   CONCLUSION

For the foregoing reasons, the order of the bankruptcy court is AFFIRMED.