**NOT RECOMMENDED FOR PUBLICATION**
File Name: 10a0138n.06

No. 08-6196

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **RICHARD E. DOVER,** | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **UNITED STATES OF AMERICA,** | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **FEDERAL DEPOSIT INSURANCE** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE:    MERRITT, MOORE, and GIBBONS, Circuit Judges.

**MERRITT, Circuit Judge.**  Richard Dover appeals the District Court's dismissal of his declaratory judgment action.   Dover seeks to avoid the enforcement of a nineteen million dollar criminal restitution order levied against him for defrauding a savings and loan institution – a debt now owed to the Federal Depository Insurance Corporation ("FDIC").  He claims that the restitution was discharged in his subsequent bankruptcy proceeding.  Our Court ruled four years ago that Dover still owes the debt to the FDIC.  *Fed. Depository Ins. Corp. v. Dover*, 453 F.3d 710 (2006)

[hereinafter *Dover I*]. We agree with the District Court that Dover's discharge defense is claim

precluded, based on our ruling in *Dover I*.

## I. FACTUAL AND PROCEDURAL HISTORY

In 1991, Dover pled guilty to two counts of making a false statement to Sunbelt Federal

Savings – a savings and loan institution – in violation of 18 U.S.C. § 1014. In 1993, the United

States District Court for the Southern District of Texas sentenced Dover to two years probation on

each count to run concurrently. The District Court also ordered Dover to pay $19.6 million dollars

in criminal restitution as a "special condition of probation." Restitution was to be paid to the District

Court Clerk for disbursement to the Resolution Trust Corporation as a receiver for Sunbelt. Later,

by statute, the Federal Deposit Insurance Corporation ("FDIC") succeeded to the Resolution Trust

Corporation's interest in restitution. *See* 12 U.S.C. § 1441a(m)(1).

In 1993, Dover filed a Chapter 7 voluntary petition in the United States Bankruptcy Court

for the Southern District of Texas. Instead of listing a governmental entity as the judgment creditor

on the schedules filed with the bankruptcy petition, Dover listed Sunbelt Savings in the amount of

$19.6 million. The schedules did not list the United States or the Resolution Trust Corporation as

creditors for this particular judgment.[1] The bankruptcy court entered an order of discharge in March

1994 and a final decree closing the Chapter 7 case in February of 1996.[2]

---

[1] The FDIC is listed as a judgment creditor on the schedules in the amount of $2,788,392.21. It is unclear what judgment this is referring to, but it does not appear to have any relation to the restitution order in dispute in this case.

[2] The case was later reopened in 2004 on grounds wholly unrelated to the instant case. The Bankruptcy Court again closed the case and issued a final order in 2007. *See United States v.*

As of October 2002, Dover had made no payments toward his criminal restitution. Consequently, the United States Attorney's Office in Knoxville, Tennessee, instituted an action to enforce the restitution. In January 2003, the FDIC intervened in the action to enforce the same criminal restitution order, and three months later, the FDIC filed a complaint with the District Court. Thereafter, the Government withdrew, and the District Court allowed the FDIC to continue its action against Dover. Dover defended the action by claiming that his responsibility to pay restitution was terminated at the end of his probationary period. In the alternative, Dover claimed that settlement of his civil liability foreclosed the FDIC's ability to collect criminal restitution. This Court found against Dover in the case previously cited on both claims and held that the FDIC was entitled to collect the restitution.

In December of 2007, Dover again sought to stop the attempts to collect the restitution by filing a Complaint for Declaratory Judgment against the FDIC and the United States. Dover claimed this time that the criminal restitution was discharged in his bankruptcy proceedings – a question that was not specifically adjudicated in 2006. The FDIC and the United States filed a Joint Motion to Dismiss, or, in the alternative, Joint Motion for Summary Judgment. Dover failed to respond to the motions. The District Court granted the Joint Motion for Summary Judgment. As to the United States, the District Court concluded that Dover's suit should be dismissed on sovereign immunity grounds. As to the FDIC, the Court found that *res judicata* barred Dover's action. Thereafter, Dover claimed that he never received electronic notice of the motions and moved to set aside the District

---

*Dover*, No. H-91-044-01, 2007 WL 1452798 (S.D. Tex. May 17, 2007).

Court's grants of summary judgment. The District Court denied this motion. Dover timely

appealed. Dover only appeals the District Court's decision as it relates to the FDIC; Dover does not

appeal the dismissal of the suit against the United States.

## II. ANALYSIS

This Court reviews a grant of summary judgment *de novo*. *Hamby v. Neel*, 368 F.3d 549,

556 (6th. Cir. 2004). Summary judgment is appropriate when there are no genuine issues of material

fact. *Id*.; Fed. R. Civ. P. 56(c).

In 2006, this Court decided *Dover I* and addressed the enforceability of this same restitution

order. At that time, Dover attempted to avoid the FDIC's collection efforts with the following

arguments: (1) his responsibility to pay restitution was extinguished at the end of his probation

because it was a special condition of his probation, and (2) his settlement of the civil judgment

related to the same acts estopped the FDIC from collecting the criminal restitution levied against

him. This Court rejected both arguments and granted the FDIC summary judgment in the

enforcement action, thereby holding that the FDIC was entitled to execute on its nineteen million

dollar restitution order against Dover. *See Dover*, 453 F.3d 710.

Dover now argues that his criminal restitution was discharged in his bankruptcy proceeding.

The merits of Dover's discharge defense are inconsequential if he is now precluded from bringing

that defense for failing to raise it during *Dover I*. There are four requirements for establishing *res

judicata*, or more precisely in this case, claim preclusion[3]: "(1) a final decision on the merits by a

---

[3] Courts often use res judicata when referencing both claim and issue preclusion. As noted by the Supreme Court, "[i]ssue preclusion refers to the effect of a judgment in foreclosing relitigation

court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies';

(3) an issue in the subsequent action which was litigated or which should have been litigated in the

prior action; and (4) an identity of the causes of action." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d

877, 880 (6th Cir. 1997). In this case, the first and second elements have been established and are

not in dispute.

As to the third element of *res judicata*, the FDIC argues that Dover should have raised his

discharge defense during *Dover I*. Dover contends that a new basis for his defense is this Court's

holding in *Hughes v. Sanders,* 469 F.3d 475 (6th Cir. 2006) (finding that civil judgments are

dischargeable in bankruptcy). *Hughes* was published by this Court on November 13, 2006,

approximately three years after the FDIC instituted its enforcement action. Dover insists that he

could not have made the discharge argument prior to the *Hughes* decision because that defense was

not "viable" or "ripe." He cites several cases in support of this ripeness theory. *See*, *e.g.*, *Rawe v.*

*Liberty Mutual Fire Ins. Co.*, 462 F.3d 521, 529-30 (6th Cir. 2006); *Kane v. Magna Mixer Co.*, 71

F.3d 555, 560 (6th Cir. 1995); *Katt v. Dykhouse*, 983 F.2d 690, 694 (6th Cir. 1992). But each of

these cases concerned changes in the facts underpinning the suits. Consequently, the prior judgment

could not have been preclusive because the factual basis for those claims did not exist at the time of

the judgment.

---

of a matter that has been litigated and decided.... Claim preclusion refers to the effect of a judgment
in foreclosing litigation of a matter that never has been litigated, because of a determination that it
should have been advanced in an earlier suit." *Migra v. Warren City School District Board of*
*Education*, 465 U.S. 75, 77 n. 1 (1984). This case involves only claim preclusion.

Here, the facts have not changed. Dover is instead using these cases to argue that a clarification in the law is the same as a change in facts. But a change in the law is not a sufficient justification to avoid the *res judicata* effect of the earlier judgment. *See* 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4415 (2d ed. 2009) ("[c]hange in the controlling principles of law ordinarily does not warrant denial of claim preclusion.")

Though never raised during briefing, Dover's counsel at oral argument claimed that this Court's holding in *Overbee v. Van Waters & Rogers* stands for the proposition that a change in the law is sufficient justification to overcome the preclusive effect of an earlier judgment. *See Overbee v. Van Waters &Rogers*, 765 F.2d 578 (6th Cir. 1985). Dover's reliance on *Overbee* is misplaced. The plaintiff in *Overbee* filed a motion under Federal Rule of Civil Procedure 60(b)(6), which seeks to relieve a party from a final judgment in an extraordinary situation. The basis of the plaintiff's motion was the fact that the Ohio Supreme Court reversed itself – and the precedent relied on by this court in the plaintiff's first appeal – less than a year after reaching the previous contrary decision. Overbee's appeal was on remand in the District Court at the time of the Ohio Supreme Court's reversal. Here, Dover did not file a Rule 60(b)(6) motion and has instead attempted to collaterally attack a final judgment. In *Overbee*, we acknowledged that the facts were extraordinary while stating that normally a "mere showing of a change in the law is not enough to demonstrate such an extraordinary situation when the judgment has become final." *Id*. at 580. Dover has not shown a similar extraordinary situation.

Moreover, alternatively, the law has not changed. At most, *Hughes* fills a small gap in the law regarding *federal* restitution orders left by the Supreme Court decision in *Kelly v. Robinson*,

479 U.S. 36, 39-40 (1986), which held that *state* criminal restitution orders are not dischargeable in federal bankruptcy. Dover himself acknowledges that *Hughes* is "an interpretation and application" of the *Kelly* decision.

Additionally, the *Kelly* decision was handed down years before Dover defended against the FDIC enforcement action, as were the other Courts of Appeals cases cited by Dover on this point. *See In re: Rashid* 210 F.3d 201 (3rd Cir. 2001); *In re Towers*, 162 F.3d 952 (7th Cir. 1998). Consequently, Dover had a full and fair opportunity to litigate his discharge defense at that time. The *Hughes* decision does not excuse Dover's failure to make this argument in *Dover I*.

With regards to the fourth element required for *res judicata*, Dover contends that there is no identity between *Dover I* and the instant case. Despite acknowledging that "both causes of action relate to the criminal restitution order," Dover asserts that because he is arguing under what he believes to be new case law, there is no identity between the actions. Identity of claims means "an identity of the facts and events creating the right of action and of the evidence necessary to sustain each action." *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992). Both actions concern Dover's failure to pay the restitution order. They both are based on the same core facts. There are no new facts, and instead, Dover is only attempting to argue a different theory of defense against the same claim. The finality of judgments would be seriously impaired if a judgment debtor could, *seriatim*, raise new defenses that were available to be tried at the time of the original litigation. This debt to the government is now 17 years old without any payment, and this defense is not available any longer. The identity of the causes of action is the same.

Consequently, Dover's declaratory judgment action is barred by *res judicata*, and the District

Court's judgment is AFFIRMED.